[Civ. No. 34698.  Second Dist., Div. One.  Jan. 30, 1970.]

BERNICE NELSON, Plaintiff and Appellant, v.
MATTHEW J. HORVATH, JR., Defendant and Respondent.

**COUNSEL**

Doane Brakemeyer for Plaintiff and Appellant.

Beaudet, Orr & Potter and Thomas P. Kestler for Defendant and Respondent.

**OPINION**

**WOOD, P. J.**—In this action on a foreign (Texas) judgment, plaintiff appeals from an order quashing service of the summons and complaint on defendant.

Appellant contends that the court erred in granting defendant's motion to quash such service of process.

Plaintiff's complaint alleges in substance that on March 14, 1968, judgment for $9,367.05 was entered in the district court of Swisher County, Texas, in favor of Don A. Nelson and against defendant and others; that Don A. Nelson thereafter assigned his interest in the judgment to plaintiff; and that no part of the judgment has been paid. True copies of the judgment

and assignment are attached to, and incorporated by reference in, the complaint. The judgment includes a recital that defendant was "duly and legally cited to appear herein as provided by Article 2031b, Texas Revised Civil Statutes"; that defendant did not appear or answer within the time required by law; that the citation and the officer's return were filed; the defendant "wholly defaulted."

On September 10, 1968, the complaint herein (on the Texas judgment) was filed and summons was duly issued thereon. A copy of the summons and complaint was personally served upon the defendant in California.

Thereafter, defendant filed a "Notice of Motion To Quash Summons." Said notice provided in part that defendant "will and does hereby move the Court for an Order quashing service of Summons and Complaint. Said motion is made on the ground that this court lacks jurisdiction over the defendant, thus purportedly served."

In support of the motion, defendant made a declaration in substance as follows: He was not served with a copy of the "citation or any other papers before the Texas Judgment was entered" against him. He did not receive by mail any notice of the Texas action or that a judgment had been entered against him. The "first notice" he had of the Texas judgment or the Texas action was when he was served with a copy of the summons and complaint in California in "this action NOC-721" (present action in California).

Defendant also submitted points and authorities to the effect that the substituted service of process provided by Article 2031b of the Texas Revised Civil Statutes was an unreasonable means of serving process on persons absent from Texas.

The trial court granted the motion to quash the service of the summons and complaint (in present case).

In support of his contention that the court erred in quashing the service of process herein, appellant argues in effect that defendant was properly served with process herein; that the court therefore had jurisdiction over defendant's person; and that, even were it assumed that defendant could collaterally attack the validity of the Texas judgment by extrinsic evidence in proceedings on the merits of the complaint, the asserted invalidity of such judgment was not a ground for quashing service of process.

It is not disputed that invalidity of a foreign judgment may be shown by extrinsic evidence (see 3 Witkin, Cal. Procedure (1954) p. 2049, § 5), including evidence that process upon which the judgment was based was never served (*Regoli* v. *Fancher,* 1 Cal.2d 276, 281 [34 P.2d 477]). The question in the present case, however, is whether, upon a special appearance to quash service of process in an action on a foreign judgment, the

defendant may assert evidence of invalidity of the judgment as a ground for quashing the service of process.

Section 416.1 of the Code of Civil Procedure provides in part that any defendant upon whom service of summons has been made may serve and file a notice of motion to quash the service of summons upon the ground of lack of jurisdiction of the court over him. In *Hartford* v. *Superior Court,* 47 Cal.2d 447, 452 [304 P.2d 1], it was said: "The obvious purpose of sections 416.1 and 416.3 [Code Civ. Proc.] is to permit a defendant to challenge the jurisdiction of the court over his person without waiving his right to defend on the merits by permitting a default to be entered against him while the jurisdictional issue is being determined." (See Witkin, Cal. Procedure (1954), 1967 Supp., p. 162; 40 Cal.Jur.2d, Process, etc., § 52, p. 77; *Special Appearance In California,* 10 Stan.L.Rev. 711; 43 Cal.L.Rev. 695.) ■ "If a defendant has been served with process and he claims defects in the service and lack of jurisdiction of the court over his person, he must do so by special appearance for the purpose of moving to quash summons. . . . The motion to quash service must be strictly limited to the point of no jurisdiction over the person of the moving party." (Rev. of 1955 Code Leg., University of Cal. Ext., p. 71.) It has also been said (*GMS Properties, Inc.* v. *Superior Court,* 219 Cal.App.2d 407, 410 [33 Cal.Rptr. 163], quoting from 72 C.J.S., Process, § 112e, p. 1167): "An order vacating service of summons and dismissing an action puts an end to litigation without a judicial investigation of the merits; and the effect of granting a motion to quash service is to declare the service void and not to dismiss the complaint. On the writ being quashed, the case stands as if no writ had been issued."

■ In the present case, the record shows, and it is not disputed, that the complaint was filed, summons was duly issued, and a copy of the summons and complaint was personally served on the defendant as required by law. There were no defects in the issuance of the summons or in the manner in which process was served. After he was served with process, the defendant, without filing an answer or other pleading to the complaint, filed a notice of motion to quash service of the summons and complaint on the ground that the court "lacks jurisdiction over the defendant, thus purportedly served." In support of that motion, he filed a declaration attacking the validity of the Texas judgment. It was admitted in the declaration that he was served with summons and complaint in the California action, and he did not claim that the service was defective. Since the purpose of defendant's motion was to determine whether the court had jurisdiction over his person, and since the court had jurisdiction over his person (by reason of valid service of process upon him in the California action), the court should not have granted the motion to quash the service of process. Deter-

mination of the merits of the complaint was not within the scope of the issues raised by the motion.[1] The court erred in granting the motion.

The above conclusion, of course, does not preclude the defendant from presenting extrinsic evidence, in proceedings on the merits of the complaint, that the Texas judgment was invalid.

The order granting the motion to quash service of the summons and complaint is reversed.

Lillie, J., and Thompson, J., concurred.

---

[1]It is to be noted further that section 456 of the Code of Civil Procedure provides that in pleading a judgment it is not necessary to state the facts conferring jurisdiction, but such judgment may be stated to have been duly made; and if such allegation be controverted, the party pleading must establish "on the trial" the facts conferring jurisdiction.