KUMAR, Acting P. J.,
Concurring.—I agree a writ should issue because the current state of the law requires the trial court to consider extrinsic evidence in ruling on a motion to quash an unlawful detainer summons. But, I respectfully write separately because my approach to granting writ relief would be slightly different from that of the majority and would include a suggestion that a higher court revisit the issue resolved by currently binding authority—Delta Imports, Inc. v. Municipal Court (1983) 146 Cal.App.3d 1033, 1034-1037 [194 Cal.Rptr. 685] (Delta).

A. The Three-day Notice Requirement

1. Notice as an Element of an Unlawful Detainer Action
Real party in interest LA Hillcreste Apartments, LLC, based its unlawful detainer action on petitioner’s alleged failure to pay rent as required by a written lease. In this respect, Code of Civil Procedure section 1161[1] provides: “A tenant of real property ... is guilty of unlawful detainer: [¶] . . . [¶] 2. When he or she continues in possession . . . without the permission of his or her landlord . . . after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days’ notice, in writing, requiring its payment, stating the amount which is due, ... or possession of the property, shall have been served upon him or her . . . .” (Italics added.) If a valid three-day notice is served on the tenant but the tenant does not pay the rent specified in the notice, the landlord may serve and file an unlawful detainer complaint, including a summons that requires an answer to be filed within five days as opposed to the typical 30 days. (See § 1167; Marquez-Luque v. Marquez (1987) 192 Cal.App.3d 1513, 1518 [238 Cal.Rptr. 172].)
The service of a valid three-day notice is an element of an unlawful detainer action that must be proven by the lessor at trial. (Palm Property Investments, LLC v. Yadegar (2011) 194 Cal.App.4th 1419, 1425 [123 Cal.Rptr.3d 816].) “ ‘[P]roper service on the lessee of a valid three-day notice to pay rent or quit is an essential prerequisite to a judgment declaring a lessor’s right to possession under section 1161, subdivision 2. [Citations.]’ [Citation.] ‘A lessor must allege and prove proper service of the requisite notice. [Citations.] Absent evidence the requisite notice was properly served pursuant to section 1162, no judgment for possession can be obtained. [Citations.]’ [Citation.]” (Ibid.)
*Supp. 6 2. The Components of a “Valid.” Notice
“Due to the summary nature of such an action, a three-day notice is valid only if the landlord strictly complies with the provisions of section 1161, subdivision 2 ... . [Citation.]” (Levitz Furniture Co. v. Wingtip Communications (2001) 86 Cal.App.4th 1035, 1038 [103 Cal.Rptr.2d 656].) It is for this reason that a three-day notice is invalid if it seeks rent in excess of the amount due. (See ibid.)
Also, in order to be legitimate, service of the three-day notice must “strictly comply” with section 1162. (Liebovich v. Shahrokhkhany (1997) 56 Cal.App.4th 511, 513 [65 Cal.Rptr.2d 457].) “Section 1162 provides three methods of serving these notices: (1) by personal delivery to the tenant (personal service); or (2) if the tenant is absent from his residence and usual place of business, by leaving a copy with a person of suitable age and discretion at either place, and sending a copy through the mail to the tenant’s residence (substituted service); or (3) if a place of residence and usual place of business cannot be ascertained or a person of suitable age or discretion cannot be found there, then by affixing a copy in a conspicuous place on the property and delivering a copy to a person residing there, if such a person can be found, and also sending a copy through the mail addressed to the tenant at the place where the property is situated (post and mail service). [Citations.]” (Losornio v. Motta (1998) 67 Cal.App.4th 110, 113-114 [78 Cal.Rptr.2d 799].)
B. The Motion to Quash
In pertinent part, section 418.10 authorizes a defendant to file a motion to quash “service of [the] summons on the ground of lack of jurisdiction of the court over him or her.” (§ 418.10, subd. (a)(1).) The Legislature has extended the right of a party to make such a motion to those who are defending unlawful detainer actions. (§ 1167.4.)
“[0]n a motion to quash the issue before the trial court and on review is ‘strictly limited to the question of jurisdiction over the defendant.’ ” (School Dist. of Okaloosa County v. Superior Court (1997) 58 Cal.App.4th 1126, 1132 [68 Cal.Rptr.2d 612].) Thus, a motion to quash “does not serve the function of a demurrer” and is not a legitimate vehicle to determine whether the complaint states a viable claim. (Kroopf v. Guffey (1986) 183 Cal.App.3d *Supp. 7 1351, 1360 [228 Cal.Rptr. 807]; see Sacramento Suncreek Apartments, LLC v. Cambridge Advantaged Properties II, L.P. (2010) 187 Cal.App.4th 1, 10 [113 Cal.Rptr.3d 661].)
C. The “Delta” Motion to Quash
In 1983, the motion to quash was judicially redefined for unlawful detainer cases. (See Delta, supra, 146 Cal.App.3d at pp. 1034—1037.) The requirement that a tenant be properly served with a three-day notice to quit has taken on the role of not only an element in the action but also a prerequisite to obtaining personal jurisdiction over the tenant. (See ibid.) The apparent thought process behind cloaking the notice requirement with jurisdictional ramifications is this: if there is no valid three-day notice, the summons corresponding to the complaint is necessarily invalid because the truncated time for an answer provided therein is conditioned on a valid three-day notice. Following this logic, a tenant served with an unlawful detainer complaint may, like petitioner, file a “Delta” motion to quash the summons on the ground that the three-day notice was not properly served. Delta “has created confusion and uncertainty among some practitioners . . .” because the requirement of a properly served three-day notice is an element of an unlawful detainer action and it is normally a demurrer (as opposed to a motion to quash) that tests the sufficiency of the complaint. (Parsons v. Superior Court (2007) 149 Cal.App.4th Supp. 1, 5 [58 Cal.Rptr.3d 48].)
In Delta, the unlawful detainer complaint failed to allege the three-day notice was “in writing, that it specified the alleged breaches of the lease or that it unequivocally demanded possession [of the property].” (Delta, supra, 146 Cal.App.3d at p. 1036.) Because the complaint “contain[ed] none of the required allegations regarding notice,” Delta concluded the trial court was required to “quash service of process” on the defendants. (Id. at pp. 1036, 1037.)
Delta disagreed with the trial court’s view that the defendant’s avenue for relief was by demurrer rather than a motion to quash: “A motion to quash service is the only method by which the defendant can test whether the complaint states a cause of action for unlawful detainer and, thereby, supports a five-day summons. A general demurrer only tests whether the complaint states a cause of action for something even if it is on a theory other than unlawful detainer. [Citations.] Moreover, if the defendant appears in the action by filing a demurrer, he moots the very point he is seeking to raise.[2] [Citations.]” (Delta, supra, 146 Cal.App.3d at p. 1036.)[3]
*Supp. 8 By stating “[a] motion to quash service is the only method by which the defendant can test whether the complaint states a cause of action for unlawful detainer . . .” (Delta, supra, 146 Cal.App.3d at p. 1036, italics added & omitted), Delta expanded the traditional scope of a motion to quash to include an assessment of whether the complaint states a valid cause of action—a consideration that, as explained above, appears to exceed the legislative limitation to personal jurisdiction.
Moreover, the failure to provide a proper three-day notice to the defendant prior to serving the unlawful detainer summons would not seem to render the summons defective and deprive the court of personal jurisdiction over the defendant. The Legislature has mandated the summons in an unlawful detainer action state that the defendant’s answer shall be filed in five days. (§ 1167.) In other words, in order to be valid, the unlawful detainer summons must state that an answer is required in five days. If the defendant was not properly served with the precedent three-day notice, the summons remains facially valid. As the three-day notice is an element of the unlawful detainer action, a challenge to it, like a challenge to any other element of the cause of action, should be directed to the legitimacy of the complaint, not the validity of the service of the summons.
Before Delta was decided, the Court of Appeal rejected a similar attempt to broaden the scope of a motion to quash. (Nelson v. Horvath (1970) 4 Cal.App.3d 1, 2-5 [84 Cal.Rptr. 101] (Nelson).) In Nelson, the defendant (Horvath) was sued in California by a plaintiff attempting to collect on a default judgment entered in Texas. (Id. at pp. 2-3.) Horvath filed a motion to quash the service of the California summons arguing, in part, that the Texas judgment was invalidly entered because he was not properly served prior to the entry of the Texas judgment and he did not have any notice that the Texas judgment had been entered until he received service of the summons corresponding to the California case. (Id. at p. 3.)
*Supp. 9 Nelson declined to extend the motion to quash to cover the propriety of service in the Texas case: “[T]he record shows, and it is not disputed, that the [California] complaint was filed, summons was duly issued, and a copy of the summons and complaint was personally served on the defendant as required by law. . . . Since the purpose of defendant’s motion was to determine whether the court had jurisdiction over his person, and since the court had jurisdiction over his person (by reason of valid service of process upon him in the California action), the court should not have granted the motion to quash the service of process. Determination of the merits of the complaint[(, i.e., whether there was a valid Texas judgment)] was not within the scope of the issues raised by the motion.” (Nelson, supra, 4 Cal.App.3d at pp. 4-5, fn. omitted.) Like the challenge to the notice given in the Texas matter, one could surmise that a challenge to the service of a three-day notice in unlawful detainer cases is outside the parameters of a motion to quash because it does not question the court’s jurisdiction over the defendant.
D. Conclusion
Long ago, the California Supreme Court pointed out “[t]he only purpose of the summons is to bring the defendant into [c]ourt. . . .” (Randall v. Falkner (1871) 41 Cal. 242, 245, italics added.) In this regard, a motion to quash the service of a summons “ ‘must be strictly limited’ ” to the issue of the court’s jurisdiction over the defendant’s person. (Nelson, supra, 4 Cal.App.3d at p. 4; see Kroopf v. Guffey, supra, 183 Cal.App.3d at p. 1360.) But this is not the state of the law in unlawful detainer cases. The judicially created Delta motion to quash extends beyond the question of personal jurisdiction to decide an element of the offense, i.e., whether the three-day notice to pay rent or quit was valid.
Nonetheless, Delta was decided by the Court of Appeal-—a court superior to that of the appellate division. We are therefore obligated to follow Delta as, for purposes of unlawful detainer actions, it is directly on point and without contrary case law. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) Because Delta permits a motion to quash the service of a summons to be used as a vehicle to challenge the validity of the three-day notice, then, like any other motion to quash, the parties must be permitted to introduce extrinsic evidence relevant to that issue. (See Parsons v. Superior Court, supra, 149 Cal.App.4th at p. Supp. 7.) But the uncertainty concerning the scope and ramifications of *Supp. 10 such a procedure will no doubt continue to confound trial judges and practitioners. The time may be right for a court higher than the appellate division to revisit the issue presented in Delta.[4]

 All further statutory references are to the Code of Civil Procedure.

 Almost 20 years after Delta was decided, the Legislature added subdivision (e) to section 418.10. Subdivision (e) preserves the defendant’s jurisdictional objection by providing that “no act . . . including filing ... [a] demurrer” constitutes a general appearance as long as the *Supp. 8 defendant previously or simultaneously moves to quash and the jurisdictional issue is still pending. (§ 418.10, subd. (e)(1), as added by Stats. 2002, ch. 69, § 1; Air Machine Com. SRL v. Superior Court (2010) 186 Cal.App.4th 414, 419-27 [112 Cal.Rptr.3d 482].) Thus, the filing of a demurrer is no longer an automatic submission to the jurisdiction of the court.

 The California Supreme Court, citing Delta, has recognized: “The only situation in which a motion to quash service of summons has been approved as a procedure by which to challenge the sufficiency of the complaint is in unlawful detainer, where a demurrer is unavailable. [Citation.]” (Greenery. Workers’ Comp. Appeals Bd. (1993) 6 Cal.4th 1028, 1036 [25 Cal.Rptr.2d 539, 863 P.2d 784].) But the court then cautioned, in a footnote, that it was not addressing the propriety of the Delta procedure: “We do not intend, by noting this decision, to express approval of the conclusion that an exception should be recognized in unlawful detainer actions.” (Id. at p. 1036, fn. 5.)

 Apart from the questionable propriety of using a motion to quash to challenge the validity of the three-day unlawful detainer notice, there are procedural conundrums created by the Delta motion. Because a motion to quash can be supported by extrinsic evidence, the Delta motion opens the door to minitrials on the issue of whether there was a valid three-day notice. This runs contrary to the legislative intent to promptly bring unlawful detainer actions to fruition. (See Marquez-Luque v. Marquez, supra, 192 Cal.App.3d at p. 1518 [unlawful detainer statutes were “created to quickly restore the landlord’s possession”]; see also § 1179a [unlawful detainer actions generally take precedence over other civil matters].) In addition, should the trial court deny the motion on the ground that the three-day notice was indeed valid, the question becomes whether that ruling precludes the issue from being relitigated at trial. And, if such a ruling has preclusive implications, would the application of the preclusive bar deprive the tenant of his or her right to have a jury decide whether the element has been proven?