[Civ. No. 68265. Second Dist., Div. Seven. Sept. 12, 1983.]

DELTA IMPORTS, INC., et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent;
GEORGE L. MISSIMER, Real Party in Interest and Respondent.

COUNSEL

Eugene Y. C. Lu for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Risley & Associates and Gordon J. Zuiderweg for Real Party in Interest and Respondent.

OPINION

**JOHNSON, J.**—This appeal raises the issue of whether a tenant in an unlawful detainer action is entitled to quash service of summons where the

underlying complaint fails to state a cause of action for unlawful detainer. Under the circumstances of this case, we hold in the affirmative and direct the superior court to issue a peremptory writ of mandate ordering the municipal court to quash the summons.

## I. FACTS AND PROCEEDINGS BELOW

George L. Missimer, dba G & G Properties, (hereinafter landlord) brought an action for unlawful detainer against his tenants, Delta Imports, Inc. and Diana Lu (Delta Imports). The complaint alleged four breaches of the lease agreement: (1) failing to provide proof of insurance for bodily injury and property damage; (2) placing a sign on the premises without landlord's permission; (3) installing clothing racks without the landlord's permission; (4) failing to pay the rent on time.

Delta Imports filed a motion in the respondent municipal court for an order quashing service of the summons. The motion was based on Delta's contention that the complaint failed to state a cause of action for unlawful detainer and, therefore, could not support the issuance of a summons with a five-day response time. (See Code Civ. Proc., § 1167.)

The municipal court denied the motion to quash service. Delta then petitioned the superior court for a writ of mandate compelling the lower court to grant the motion. The superior court issued an alternative writ and, after a hearing, entered judgment denying the petition. Delta appealed to this court from that judgment.[1]

## II. UNDER THE CIRCUMSTANCES OF THIS CASE, A MOTION TO QUASH SERVICE WAS THE PROPER PROCEDURE.

A motion to quash service is the proper method for determining whether the court has acquired personal jurisdiction over the defendant through service of the five-day unlawful detainer summons. (*Castle Park No. 5* v. *Katherine* (1979) 91 Cal.App.3d Supp. 6, 8, fn. 1 [154 Cal.Rptr. 498].) If the underlying complaint fails to state a cause of action for unlawful detainer, then use of the five-day summons is improper and the defendant is entitled to an order quashing service as a matter of law. (*Ibid., Greene* v. *Municipal Court* (1975) 51 Cal.App.3d 446, 451-452 [124 Cal.Rptr. 139].) If the municipal court erroneously refuses to quash service, the defendant is entitled to a writ of mandate from the superior court. (Code Civ. Proc., § 418.10, subd. (c); *Berard Construction Co.* v. *Municipal Court* (1975) 49 Cal.App.3d 710, 723 [122 Cal.Rptr. 825].)

---

[1]We note that this avenue of relief is no longer available to such unsuccessful petitioners for mandamus. (Code Civ. Proc., § 904.1, subd. (a)(4) eff. Jan. 1, 1983.)

We disagree with the view expressed by the superior court in its notice of intended decision that defendant's remedy is a demurrer to the complaint, not a motion to quash service. A motion to quash service is the only method by which the defendant can test whether the complaint states a cause of action for *unlawful detainer* and, thereby, supports a five-day summons. A general demurrer only tests whether the complaint states a cause of action for *something* even if it is on a theory other than unlawful detainer. (Code Civ. Proc., § 430.10, subd. (e), *Greene, supra,* 51 Cal.App.3d at pp. 451-452.) Moreover, if the defendant appears in the action by filing a demurrer, he moots the very point he is seeking to raise. (Code Civ. Proc., § 1014, *Haverstick* v. *Southern Pac. Co.* (1934) 1 Cal.App.2d 605, 609 [37 P.2d 146].)

III. THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR UNLAWFUL DETAINER.

■ We have examined the landlord's complaint, and we have determined that it does not state a cause of action for unlawful detainer. Therefore the judgment of the superior court denying Delta's petition for a writ of mandate must be reversed.

The complaint in an unlawful detainer action must set forth the facts on which the plaintiff seeks to recover. (Code Civ. Proc., § 1166.) Where, as here, the plaintiff claims the defendant breached covenants in the lease, the complaint must allege compliance with the notice requirements of Code of Civil Procedure, section 1161, subdivision 3. (*Zucco* v. *Farullo* (1918) 37 Cal.App. 562, 568 [174 P. 929].) At minimum this requires allegations that the defendant was served with a written notice (*ibid.*), specifying the alleged breach, (*Feder* v. *Wreden Packing & Provision Co., Inc.* (1928) 89 Cal.App. 665, 671 [265 P. 386]) and unequivocally demanding possession within three days of service of the notice. (*Horton-Howard* v. *Payton* (1919) 44 Cal.App. 108, 112 [186 P. 167].) Where the condition or covenant allegedly violated is capable of being performed, the notice must give the tenant the alternative of performing or quitting possession. (*Hinman* v. *Wagnon* (1959) 172 Cal.App.2d 24, 27 [341 P.2d 749].) In any case, the notice must advise the tenant of the alleged breach. If it does not do so, the tenant cannot know whether to comply with the notice to quit or remain in possession and contest the landlord's allegations.

The complaint in the instant case contains none of the required allegations regarding notice. It merely alleges that, "More than 3 days and more than 30 days have lapsed since the Defendants were given notice . . . ." There is no allegation that the notice was in writing, that it specified the alleged breaches of the lease or that it unequivocally demanded possession.

DISPOSITION

The judgment is reversed and the cause is remanded to the superior court with directions to issue a peremptory writ of mandate directing the respondent municipal court to quash service of process on Delta Imports, Inc., and Diana Lu.

Schauer, P. J., and Paez, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.