Opinion
SUTRO, P. J.
This petition for writ of mandate is taken by defendants and petitioners Barbara and Gilman Parsons (hereafter defendants) from respondent trial court’s denial of their motion to quash service of summons in an unlawful detainer action involving a houseboat lease that has been brought against them by plaintiff and real party in interest The Arques Shipyard Management Co. LLC (hereafter plaintiff). Contrary to the trial court’s ruling denying their motion on procedural grounds, defendants contend that Delta Imports, Inc. v. Municipal Court (1983) 146 Cal.App.3d 1033 [194 Cal.Rptr. 685] supports the use of a motion to quash service of summons to challenge *Supp. 4 an unlawful detainer complaint that fails to allege compliance with applicable prefiling notice requirements. Requiring them to demur would result in their waiving the very thing that they were challenging, namely personal jurisdiction over them.
Briefly stated, the facts show that, on June 22, 2006, plaintiff landlord served defendants, owners of a houseboat, with a 30-day notice to terminate their tenancy. Thereafter, on August 1, 2006, plaintiff filed its unlawful detainer complaint and obtained a court order to serve the complaint by posting. Defendants responded by filing a motion to quash service of summons and complaint on the ground that Civil Code section 800.70 requires a 60-day notice to terminate a houseboat tenancy. The trial court denied the motion" to quash. In holding that defendants should have filed a demurrer to challenge the sufficiency of the notice of termination, the court said: “The decision defendants rely on to support filing a motion to quash, Delta Imports, Inc. v. Municipal Court (1983) 146 Cal.App.3d 1033 [194 Cal.Rptr. 685], is materially distinguishable. In that case, a demurrer was unavailable because the complaint alleged a valid cause of action in addition to unlawful detainer. (See Greener v. Workers’ Comp. Appeals Board (1993) 6 Cal.4th 1028, 1036 [25 Cal.Rptr.2d 539, 863 P.2d 784].) [¶] Here, by contrast, the only claim raised in plaintiff’s complaint is unlawful detainer following the expiration of the ‘defective’ 30-Day Notice Terminating Tenancy. There is no suggestion a demurrer is unavailable to this complaint.”
Defendants’ Use of a Motion to Quash Service of Summons Was Proper
In Delta Imports, Inc. v. Municipal Court, supra, 146 Cal.App.3d 1033, the defendant tenant moved to quash service of summons based on his contention that the complaint failed to state a cause of action for unlawful detainer and therefore could not support the issuance of a summons with a five-day response time. The municipal court denied the motion, and the defendant petitioned for a writ of mandate, which the superior court denied on the ground that the defendant tenant’s remedy was a demurrer to the complaint, not a motion to quash service. The Court of Appeal reversed, holding: “A motion to quash service is the only method by which the defendant can test whether.the complaint states a cause of action for unlawful detainer and, thereby, supports a five-day summons. A general demurrer only tests whether the complaint states a cause of action for something even if it is on a theory other than unlawful detainer. [Citations.] .Moreover, if the defendant appears in the action by filing a demurrer, he moots the very point he is seeking to raise. [Citations.]” (146 Cal.App.3d at p. 1036.) The Court of Appeal found the complaint failed to state a cause of action for unlawful detainer, by failing *Supp. 5 to.allege compliance with the notice requirements of Code of Civil Procedure section 1161, subdivision 3, and directed the lower court to quash service of process.
Treatise writers have noted that although the holding in Delta Imports, Inc., is correct if read narrowly, its broad language, has created confusion and uncertainty among some practitioners as to whether a tenant must challenge an unlawful detainer complaint by demurrer or by motion to quash (see 1 Cal. Eviction Defense (Cont.Ed.Bar 2d ed. 1993) § 11.28, pp. 226-227; 2 Cal. Landlord-Tenant Practice (Cont.Ed.Bar 2d ed. 1997) § 10.29, pp. 999-1001). In general, the difference between the procedures is that a motion to quash attacks service of the summons and .complaint for lack of personal jurisdiction, while a demurrer tests the legal sufficiency of the allegations in the complaint. A motion to quash may be made by specially appearing, but the filing of a . demurrer without simultaneously moving to quash constitutes a general appearance. Also, when a motion to quash is granted, a defective complaint must be amended and personally served with a summons on the defendant. When a demurrer is sustained and the complaint is capable of being amended, the amended pleading may ,be served on the defendant’s counsel. Finally, the notice period for a hearing on a motion to quash is shortened by Code of Civil Procedure section 1167.4, subdivision (a), while a demurrer may only be scheduled on a minimum of 16 court days’ notice (Code Civ. Proc., § 1005, subd. (b); 2 Cal. Landlord-Tenant Practice, supra, § 10.21, pp. 987-998 (rev. 2/06)).
In the present case, the trial court distinguished Delta Imports, Inc., on the basis that “a demurrer was unavailable because the complaint alleged a valid cause of action in addition to unlawful detainer,” citing Greener v. Workers’ Comp. Appeals Bd., supra, 6 Cal.4th 1028, 1036. Greener was an action for declaratory and injunctive relief challenging amendments to the Workers’ Compensation Act on various constitutional grounds. The Workers’ Compensation Appeals Board moved to quash service of summons on grounds the superior court lacked jurisdiction over it and the subject matter of the action. In noting that a motion to quash was an improper procedure for challenging subject matter jurisdiction, the Supreme Court in dictum stated, “The only situation in which a motion to quash service of summons has been approved as a procedure by which to challenge the sufficiency of the complaint is in unlawful detainer, where a demurrer is unavailable,” citing Delta Imports, Inc., albeit with the caveat that the court was not necessarily approving of the conclusion that an exception should be recognized in unlawful detainer actions, as “[t]hat question is not presented here” (Greener, supra, 6 Cal.4th at p. 1036 & fn. 5). We believe that Greener is properly read to approve the use of a motion to quash to attack an unlawful detainer complaint when the pleading defect affects personal jurisdiction under the five-day unlawful detainer summons, and that a general demurrer is unavailable because a *Supp. 6 “demurrer. only tests whether the complaint states a cause of action for something even if it is on a theory other than unlawful detainer” (Delta Imports, Inc. v. Municipal Court, supra, 146 Cal.App.3d at p. 1036). Strict compliance with the specifically prescribed notice conditions is a prerequisite to invoking the summary procedures of unlawful detainer (1 Cal. Eviction Defense Manual, supra, § 6.5, p. 104 (rev. 4/05)). Although a defendant could generally demur on the ground that the complaint fails to state a cause of action for unlawful detainer and requires a 30-day summons, if the pleading defect is jurisdictional, and the defendant demurs without simultaneously moving to quash, the defendant makes a general appearance and “moots the very point he is seeking to raise” (Delta Imports, Inc. v. Municipal Court, supra, 146 Cal.App.3d at p. 1036). Thus, it appears that the court in Greener did not intend -to limit Delta Imports, Inc., to situations where a demurrer is technically “unavailable”—in fact, a general demurrer is always available— but rather to situations where a demurrer is unavailable in the sense that it would deprive- the defendant of the relief he seeks in challenging personal jurisdiction.
Furthermore, there is no factual basis for distinguishing Delta Imports, Inc., on the basis that “a demurrer was unavailable because the complaint alleged a valid cause of action in addition to unlawful detainer.” Although the complaint in Delta Imports, Inc. alleged four breaches of the lease agreement, the court at all times referred to the action as one for unlawful detainer only. Its holding was expressly based on the finding that “[the complaint] does not state a cause of action for unlawful detainer” due to insufficient allegations regarding compliance with the three-day notice requirements of Code of Civil Procedure section 1161, subdivision 3 (Delta Imports, Inc. v. Municipal Court, supra, 146 Cal.App.3d at p. 1036). We believe that what the court in Delta Imports meant was not that a demurrer was unavailable because the complaint stated a valid cause of action in addition to unlawful detainer, but rather that a demurrer was unavailable because the pleading defect affected personal jurisdiction and a demurrer would “moot[] the very point [defendants are] seeking to raise” (ibid.).
This Court Will Not Consider Evidence That Was Not Submitted to the Trial Court
An order denying a motion to quash service of summons is reviewable by petition for writ of mandate (Code Civ. Proc., § 418.10, subd. (c)). Ordinarily, a reviewing court will not consider facts open to controversy that were not placed in issue or resolved by the trial court (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1997) ][ 15:193.1, p. 15-83 (rev. #1, 2006), citing BGJ Associates v. Superior Court (1999) 75 Cal.App.4th 952, 958 [89 Cal.Rptr.2d 693]; see also Crouse v. *Supp. 7 Brobeck, Phleger & Harrison (1998) 67 Cal.App.4th 1509, 1526-1527, fn. 3 [80 Cal.Rptr.2d 94]; Cal. Rules of Court, rule 8.490(c) [record on a petition for a writ of mandate involves documents submitted to the trial court supporting and opposing the ruling under review]).
For the first time, in response to the subject petition for writ of mandate, plaintiff addresses the merits of defendants’ motion to quash by arguing that the 60-day notice provision of Civil Code section 800.70 does not apply because plaintiff is not a “ ‘[floating home marina’ ” as defined by Civil Code section 800.4. Plaintiff’s argument is supported by its request for judicial notice (Evid. Code, § 452, subds. (g), (h)) of four facts, including the purported “indisputable” fact that less than 10 percent of its 95 berths are leased to houseboats.[1] Plaintiff’s request for judicial notice of the fact that it is not a “floating home marina” is supported by two (unauthenticated) documents: (1) a schematic drawing of Arques Marina, and (2) a Google Earth image depicting an aerial view of the marina. This argument and evidence was never submitted to the trial court, which denied defendants’ motion solely on procedural grounds. In fact, during oral argument, plaintiff’s attorney seemed to suggest that a motion to quash was limited to the face of the complaint and that factual issues and evidence outside the complaint could not be considered. This is not correct. ,
A motion to quash challenges service of summons for lack of personal jurisdiction. The jurisdictional facts must be proved by competent evidence at the hearing on the motion to quash. This generally requires affidavits or declarations by competent witnesses. A properly verified complaint may be treated as a declaration for this purpose (Weil et al.„ Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1997) f 3:387, p. 3-89 (rev. #1, 2006)). Although Delta Imports, Inc., speaks in terms of using a motion to quash to test whether the complaint states a cause of action for unlawful detainer, a motion to quash is not the same as a demurrer. What is being challenged are the jurisdictional facts alleged in the complaint, namely the service of a proper notice to quit. Where, as here, the challenge to the notice extends beyond the face of the complaint to the issue whether a 30-day notice or a 60-day notice is required under the Floating Home Residency Law, the issue can and must be resolved by resort to competent evidence, and a motion to quash is the proper procedure for doing this.
In opposition to the petition, plaintiff also attached a photograph of the subject houseboat showing its dilapidated condition, a letter from the City of *Supp. 8 Sausalito concerning a “Stop Work” order, and several letters between the parties purporting to refer to failed settlement negotiations, to show that defendants will suffer no irreparable injury from the eviction because they are not physically occupying the houseboat but are simply trying unreasonably to delay these proceedings. It does not appear that any of this evidence was presented to the trial court in connection with the motion under review.
It is improper on an appeal to refer to matters outside the record. In contrast, however, since writ review is an “original proceeding,” some courts occasionally permit additional facts to be presented by declaration with supporting documentation (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, supra, ¶ 15:179.1, p. 15-78, citing McCarthy v. Superior Court (1987) 191 Cal.App.3d 1023, 1030 [236 Cal.Rptr. 833] [involving a novel issue requiring prompt resolution]). More commonly, however, the appellate court will refuse to consider additional facts that were not presented first to the trial court (Eisenberg et al., supra, ][ 15:179.1, p. 15-78, citing People v. Superior Court (Lavi) (1993) 4 Cal.4th 1164, 1173, fn. 5 [17 Cal.Rptr.2d 815, 847 P.2d 1031]; Stevens v. Superior Court (1999) 75 Cal.App.4th 594, 607, fn. 13 [89 Cal.Rptr.2d 370]; Stevens v. Superior Court (1997) 52 Cal.App.4th 55, 58, fn. 3 [60 Cal.Rptr.2d 397]).
Plaintiff presents no compelling reason why this appellate court should address additional facts and evidence that 'it raised for the first time in opposition to defendants’ petition or rule on the substantive issue of the applicable notice provision in the first instance. This proceeding raises no novel issue of statewide importance requiring prompt resolution outside the normal time lines for a motion to quash (see, e.g., McCarthy v. Superior Court, supra, 191 Cal.App.3d 1023 [involving the release of parolee Lawrence Singleton]). Notwithstanding plaintiff’s argument that defendants, are abusing the court’s authority tó delay the eviction in order to gain advantage in another proceeding and its contention that it is being irreparably harmed by the blight of defendants’ decrepit houseboat at the entrance to the marina (which arguments are themselves based on evidence outside the record), there is. an at least equally important public interest to be served in allowing defendants an opportunity to present their jurisdictional challenge to the trial court in the first instance. That court is in a better position than this appellate court to consider all the relevant evidence (presented by both sides) and rule on the factual and legal issues which are at the center of defendants’ challenge. Plaintiff itself is at least partly to blame for the delay in resolving this issue by declining to address the merits of defendants’ challenge in the underlying proceedings.
*Supp. 9 For the reasons herein stated, respondent is directed to vacate its order of October 10, 2006, denying defendants’ motion to quash, and to hold further proceedings on the merits of that motion consistent herewith.
Boren, J., and Smith, J., concurred.

 This argument was briefly raised by plaintiff’s attorney in oral argument, albeit with no supporting evidence and prefaced with the disclaimer that the Floating Home Residency Law (Civ. Code, § 800 et seq.) was “not in issue” because a motion to quash was not the proper procedure to raise the issue.