Filed 7/22/15

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| SOFIA BORSUK, | ) | No. BS 154988 |
| | ) | |
| Petitioner, | ) | (Santa Monica Trial Court |
| | ) | No. 15R01424) |
| v. | ) | |
| | ) | |
| SUPERIOR COURT OF THE | ) | |
| STATE OF CALIFORNIA FOR THE | ) | |
| COUNTY OF LOS ANGELES, | ) | |
| | ) | |
| Respondent, | ) | **OPINION** |
| | ) | |
| LA HILLCRESTE APARTMENTS, LLC, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

Petition for Writ of Mandate from an Order of the Superior Court of Los Angeles County, Santa Monica Trial Court, H. Jay Ford III, Judge. Granted.

Sofia Borsuk, in pro. per., for Petitioner.

Kimball, Tirey & St. John, LLP and Chris J. Evans for Real Party in Interest.

\* \* \*

1

In an action for unlawful detainer, petitioner Sofia Borsuk filed a motion to quash service of summons and complaint asserting that she was not properly served with the three-day notice to pay rent or quit in a manner prescribed by law. In her supporting declaration, petitioner claimed that the three-day notice was left on the ground, in an unmarked envelope, on the side of petitioner's apartment unit. The respondent court denied petitioner's motion as an unsuccessful "challenge to the sufficiency of the complaint." Petitioner then filed a petition for writ of mandate, challenging the trial court's denial of her motion.

An alternative writ of mandate was issued on April 20, 2015, directing the respondent court to either vacate its April 2, 2015 order denying petitioner's motion to quash service of summons and complaint and enter a new order granting the motion or, in the alternative, show cause why a peremptory writ should not issue.[1] The respondent court declined to vacate its order based on its understanding of *Delta Imports, Inc. v. Municipal Court* (1983) 146 Cal.App.3d 1033 (*Delta*). It determined that "the proper scope and standard" of a motion to quash is the same as that of a demurrer and therefore limited to challenging the sufficiency of the pleadings. Petitioner filed a reply asserting that extrinsic competent evidence may be considered in support of the motion to quash.

DISCUSSION

"A motion to quash service is the proper method for determining whether the court has acquired personal jurisdiction over the defendant through service of the five-day unlawful detainer summons. [Citation.]" (*Delta*, *supra*, 146 Cal.App.3d at p. 1035.) "If the [trial court] erroneously refuses to quash service, the defendant is entitled to a writ of mandate from the [appellate court]. [Citations.]" (*Ibid.*)

In *Delta*, the Court of Appeal found that the complaint failed to state a cause of action for unlawful detainer because it did not allege compliance with the statutory notice requirements (Code Civ. Proc., § 1161, subd. (2)). It held that "[u]nder the [c]ircumstances of [that] case," a motion to quash service was the "[p]roper [p]rocedure" "to test whether the complaint states a cause of action for

_____

[1]This court acknowledges that it incorrectly ordered the trial court to "enter a new order granting the motion." Respondent court should have been ordered to consider the merits of petitioner's motion and then decide whether the motion should be granted or denied. By the terms of this opinion, we are correcting that error.

2

unlawful detainer and, thereby supports a five-day summons." (*Delta*, *supra*, 146 Cal.App.3d at pp. 1035-1036, italics omitted.) "If the underlying complaint fails to state a cause of action for unlawful detainer, then use of the five day summons is improper and the defendant is entitled to an order quashing service as a matter of law. [Citations.]" (*Id.* at p. 1035.) *Delta* did not have occasion to decide whether, in an unlawful detainer action, the trial court could consider extrinsic evidence offered in support of a motion to quash because the motion to quash in that case was based solely on the pleadings. "'Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered.' [Citation.]" (*City of Clovis v. County of Fresno* (2014) 222 Cal.App.4th 1469, 1479.)

In *Parsons v. Superior Court* (2007) 149 Cal.App.4th Supp. 1 (*Parsons*), the defendants brought a motion to quash service of summons and complaint, arguing inadequate notice was given to terminate a houseboat tenancy. The trial court denied the motion, holding that the defendants should have brought a demurrer. The appellate division disagreed. It pointed out that although a demurrer is available in all cases, including unlawful detainers, it constitutes a general appearance, which defendants may want to avoid. *Parsons* held that the motion to quash was the proper vehicle to raise jurisdictional defects without making a general appearance and, more importantly, on such a motion, jurisdictional facts can be challenged and proven by *competent evidence*. Affidavits and declarations contained in the motion to quash together with the verified complaint may be competent evidence sufficient for the trial court to determine the jurisdictional issues raised by the motion. (*Id.* at p. Supp. 7.) The appellate division ordered the trial court to vacate its order denying the defendants' motion to quash and to consider evidence related to the defendants' jurisdictional challenge.

We do not find that *Delta* and *Parsons* are in conflict—both are in agreement that a motion to quash is the proper vehicle to raise jurisdictional defects without making a general appearance. *Parsons* simply reminded us that, on a motion to quash, jurisdictional facts are generally proven by consideration of competent evidence beyond the complaint. (See *Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 413 ["When a defendant challenges the court's personal jurisdiction on the ground of

3

improper service of process the burden is on the plaintiff to prove . . . the facts requisite to an effective service"]; *Lebel v. Mai* (2012) 210 Cal.App.4th 1154, 1163.)[2]

For the reasons herein stated, respondent court is directed to vacate its order of April 2, 2015, denying petitioner's motion to quash, and to hold further proceedings on the merits of that motion consistent with this opinion.

_____
B. JOHNSON, J.

I CONCUR.

_____
RICCIARDULLI, J.

---

[2]If the motion to quash is granted based on improper service of the summons and complaint, another attempt by plaintiff to serve the summons can be had.  If the motion to quash is granted based on defective service of the notice to quit, then it would seem the entire case would have to be dismissed because the service of the notice to quit is a prefiling requirement.  If the motion to quash is denied, the case may proceed with the defendant making a general appearance or defaulting.  At any rate, jurisdictional issues can be determined at the hearing upon declarations and affidavits without causing inordinate delay of the summary proceedings.

**KUMAR, ACTING P. J., CONCURRING**:

I agree a writ should issue because the current state of the law requires the trial court to consider extrinsic evidence in ruling on a motion to quash an unlawful detainer summons. But, I respectfully write separately because my approach to granting writ relief would be slightly different from that of the majority and would include a suggestion that a higher court revisit the issue resolved by currently binding authority—*Delta Imports, Inc. v. Municipal Court* (1983) 146 Cal.App.3d 1033, 1034-1037 (*Delta*).

A. **The Three-Day Notice Requirement**

  1. Notice as an Element of an Unlawful Detainer Action

Real party in interest LA Hillcreste Apartments, LLC based its unlawful detainer action on petitioner's alleged failure to pay rent as required by a written lease. In this respect, Code of Civil Procedure section 1161[1] provides: "A tenant of real property, . . . is guilty of unlawful detainer: [¶] . . . [¶] 2. When he or she continues in possession, . . . , without the permission of his or her landlord, . . . after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and *three days' notice*, in writing, requiring its payment, stating the amount which is due, . . . or possession of the property, shall have been served upon him or her . . . ." (Italics added.) If a valid three-day notice is served on the tenant but the tenant does not pay the rent specified in the notice, the landlord may serve and file an unlawful detainer complaint, including a summons that requires an answer to be filed within five days as opposed to the typical 30 days. (See *Marquez-Luque v. Marquez* (1987) 192 Cal.App.3d 1513, 1518; § 1167.)

The service of a valid three-day notice is an element of an unlawful detainer action that must be proven by the lessor at trial. (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1425.) "'[P]roper service on the lessee of a valid three-day

_____

[1]All further statutory references are to the Code of Civil Procedure.

1

notice to pay rent or quit is an essential prerequisite to a judgment declaring a lessor's right to possession under section 1161, subdivision 2. [Citations.]' [Citation.] 'A lessor must allege and prove proper service of the requisite notice. [Citations.] Absent evidence the requisite notice was properly served pursuant to section 1162, no judgment for possession can be obtained. [Citations.]' [Citation.]" (*Ibid.*)

### 2. The Components of a "Valid" Notice

"Due to the summary nature of such an action, a three-day notice is valid only if the landlord strictly complies with the provisions of section 1161, subdivision 2 . . . . [Citation.]" (*Levitz Furniture Co. v. Wingtip Communications* (2001) 86 Cal.App.4th 1035, 1038.) It is for this reason that a three-day notice is invalid if it seeks rent in excess of the amount due. (See *ibid.*)

Also, in order to be legitimate, service of the three-day notice must "strictly comply" with section 1162. (*Liebovich v. Shahrokhkhany* (1997) 56 Cal.App.4th 511, 513.) "Section 1162 provides three methods of serving these notices: (1) by personal delivery to the tenant (personal service); or (2) if the tenant is absent from his residence and usual place of business, by leaving a copy with a person of suitable age and discretion at either place, and sending a copy through the mail to the tenant's residence (substituted service); or (3) if a place of residence and usual place of business cannot be ascertained or a person of suitable age or discretion cannot be found there, then by affixing a copy in a conspicuous place on the property and delivering a copy to a person residing there, if such a person can be found, and also sending a copy through the mail addressed to the tenant at the place where the property is situated (post and mail service). [Citations.]" (*Losorino v. Mata* (1998) 67 Cal.App.4th 110, 113-114.)

### B. **The Motion to Quash**

In pertinent part, section 418.10 authorizes a defendant to file a motion to quash "service of the summons on the ground of lack of jurisdiction of the court over him or

2

her." (§ 418.10, subd. (a)(1).)  The Legislature has extended the right of a party to make such a motion to those who are defending unlawful detainer actions.  (§ 1167.4.)

"[O]n a motion to quash the issue before the trial court and on review is 'strictly limited to the question of jurisdiction over the defendant.'"  (*School Dist. of Okaloosa County v. Superior Court* (1997) 58 Cal.App.4th 1126, 1132, citation omitted.)  Thus, a motion to quash "does not serve the function of a demurrer" and is not a legitimate vehicle to determine whether the complaint states a viable claim.  (*Kroopf v. Guffey* (1986) 183 Cal.App.3d 1351, 1360; see also *Sacramento Suncreek Apartments, LLC v. Cambridge Advantaged Properties II, L.P.* (2010) 187 Cal.App.4th 1, 10.)

C.    **The "*Delta*" Motion to Quash**

In 1983, the motion to quash was judicially redefined for unlawful detainer cases. (See *Delta*, *supra*, 146 Cal.App.3d at pp. 1034-1037.)  The requirement that a tenant be properly served with a three-day notice to quit has taken on the role of not only an element in the action but also a prerequisite to obtaining personal jurisdiction over the tenant.  (See *ibid.*)  The apparent thought process behind cloaking the notice requirement with jurisdictional ramifications is this:  if there is no valid three-day notice, the summons corresponding to the complaint is necessarily invalid because the truncated time for an answer provided therein is conditioned on a valid three-day notice.  Following this logic, a tenant served with an unlawful detainer complaint may, like petitioner, file a "*Delta*" motion to quash the summons on the ground that the three-day notice was not properly served.  *Delta* "has created confusion and uncertainty among some practitioners . . ." because the requirement of a properly served three day notice is an element of an unlawful detainer action and it is normally a demurrer (as opposed to a motion to quash) that tests the sufficiency of the complaint.  (*Parsons v. Superior Court* (2007) 149 Cal.App.4th Supp. 1, 5.)

In *Delta*, the unlawful detainer complaint failed to allege the three-day notice was "in writing, that it specified the alleged breaches of the lease or that it unequivocally

3

demanded possession [of the property]." (*Delta*, *supra*, 146 Cal.App.3d at p. 1036.) Because the complaint "contain[ed] none of the required allegations regarding notice," *Delta* concluded the trial court was required to "quash service of process" on the defendants. (*Id.* at pp. 1036-1037.)

*Delta* disagreed with the trial court's view that the defendant's avenue for relief was by demurrer rather than a motion to quash: "A motion to quash service is the only method by which the defendant can test whether the complaint states a cause of action for *unlawful detainer* and, thereby, supports a five-day summons. A general demurrer only tests whether the complaint states a cause of action for *something* even if it is on a theory other than unlawful detainer. [Citations.] Moreover, if the defendant appears in the action by filing a demurrer, he moots the very point he is seeking to raise.[2] [Citations.]" (*Delta*, *supra*, 146 Cal.App.3d at p. 1036.)[3]

By stating "[a] motion to quash service is the only method by which the defendant can test whether *the complaint states a cause of action* for unlawful detainer" (*Delta*, *supra*, 146 Cal.App.3d at p. 1036, italics omitted & added), *Delta* expanded the traditional scope of a motion to quash to include an assessment of whether the complaint

---

[2]Almost 20 years after *Delta* was decided, the Legislature added subdivision (e) to section 418.10. Subdivision (e) preserves the defendant's jurisdictional objection by providing that "no act . . . including filing . . . [a] demurrer" constitutes a general appearance as long as the defendant previously or simultaneously moves to quash and the jurisdictional issue is still pending. (§ 418.10, subd. (e)(1); see also Stats. 2002, ch. 69, § 1; *Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414, 419-427.) Thus, the filing of a demurrer is no longer an automatic submission to the jurisdiction of the court.

[3]The California Supreme Court, citing *Delta*, has recognized: "The only situation in which a motion to quash service of summons has been approved as a procedure by which to challenge the sufficiency of the complaint is in unlawful detainer, where a demurrer is unavailable. [Citation.]" (*Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1036.) But the Court then cautioned, in a footnote, that it was not addressing the propriety of the *Delta* procedure: "We do not intend, by noting this decision, to express approval of the conclusion that an exception should be recognized in unlawful detainer actions." (*Id.* at p. 1036, fn. 5.)

4

states a valid cause of action—a consideration that, as explained above, appears to exceed the legislative limitation to personal jurisdiction.

Moreover, the failure to provide a proper three-day notice to the defendant prior to serving the unlawful detainer summons would not seem to render the summons defective and deprive the court of personal jurisdiction over the defendant. The Legislature has mandated the summons in an unlawful detainer action state that the defendant's answer shall be filed in five days. (§ 1167.) In other words, in order to be valid, the unlawful detainer summons *must* state that an answer is required in five days. If the defendant was not properly served with the precedent three-day notice, the summons remains facially valid. As the three-day notice is an element of the unlawful detainer action, a challenge to it, like a challenge to any other element of the cause of action, should be directed to the legitimacy of the complaint, not the validity of the service of the summons.

Before *Delta* was decided, the Court of Appeal rejected a similar attempt to broaden the scope of a motion to quash. (*Nelson v. Horvath* (1970) 4 Cal.App.3d 1, 2-5 (*Nelson*).) In *Nelson*, the defendant (Horvath) was sued in California by a plaintiff attempting to collect on a default judgment entered in Texas. (*Id.* at pp. 2-3.) Horvath filed a motion to quash the service of the California summons arguing, in part, that the Texas judgment was invalidly entered because he was not properly served prior to the entry of the Texas judgment and he did not have any notice that the Texas judgment had been entered until he received service of the summons corresponding to the California case. (*Id.* at p. 3.)

*Nelson* declined to extend the motion to quash to cover the propriety of service in the Texas case: "[T]he record shows, and it is not disputed, that the [California] complaint was filed, summons was duly issued, and a copy of the summons and complaint was personally served on the defendant as required by law. . . . Since the purpose of defendant's motion was to determine whether the court had jurisdiction over his person, and since the court had jurisdiction over his person (by reason of valid service

5

of process upon him in the California action), the court should not have granted the motion to quash the service of process.  Determination of the merits of the complaint[, i.e., whether there was a valid Texas judgment] was not within the scope of the issues raised by the motion." (*Id.* at pp. 4-5, fn. omitted.)  Like the challenge to the notice given in the Texas matter, one could surmise that a challenge to the service of a three-day notice in unlawful detainer cases is outside the parameters of a motion to quash because it does not question the court's jurisdiction over the defendant.

D.    **Conclusion**

Long ago, the California Supreme Court pointed out "[t]he *only* purpose of the summons is to bring the defendant into [c]ourt . . . ." (*Randall v. Falkner* (1871) 41 Cal. 242, 245, italics added.)  In this regard, a motion to quash the service of a summons "must be strictly limited" to the issue of the court's jurisdiction over the defendant's person.  (*Nelson*, *supra*, 4 Cal.App.3d at p. 4; see also *Kroopf v. Guffey*, *supra*, 183 Cal.App.3d at p. 1360.)  But this is not the state of the law in unlawful detainer cases.  The judicially created *Delta* motion to quash extends beyond the question of personal jurisdiction to decide an element of the offense, i.e., whether the three-day notice to pay rent or quit was valid.

Nonetheless, *Delta* was decided by the Court of Appeal—a court superior to that of the appellate division.  We are therefore obligated to follow *Delta* as, for purposes of unlawful detainer actions, it is directly on point and without contrary case law.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  Because *Delta* permits a motion to quash the service of a summons to be used as a vehicle to challenge the validity of the three-day notice, then, like any other motion to quash, the parties must be permitted to introduce extrinsic evidence relevant to that issue.  (See *Parsons v. Superior Court*, *supra*, 149 Cal.App.4th at p. Supp. 7.)  But the uncertainty concerning the scope and ramifications of such a procedure will no doubt continue to confound trial judges and

6

practitioners.  The time may be right for a court higher than the appellate division to revisit the issue presented in *Delta*.[4]

_____

KUMAR, ACTING P. J.

_____

[4]Apart from the questionable propriety of using a motion to quash to challenge the validity of the three-day unlawful detainer notice, there are procedural conundrums created by the *Delta* motion.  Because a motion to quash can be supported by extrinsic evidence, the *Delta* motion opens the door to minitrials on the issue of whether there was a valid three-day notice. This runs contrary to the legislative intent to promptly bring unlawful detainer actions to fruition. (See *Marquez-Luque v. Marquez*, *supra*, 192 Cal.App.3d at p. 1518 [unlawful detainer statutes were "created to quickly restore the landlord's possession"]; see also § 1179a [unlawful detainer actions generally take precedence over other civil matters].)  In addition, should the trial court deny the motion on the ground that the three-day notice was indeed valid, the question becomes whether that ruling precludes the issue from being relitigated at trial.  And, if such a ruling has preclusive implications, would the application of the preclusive bar deprive the tenant of his or her right to have a jury decide whether the element has been proven?

7