[S. F. No. 21987.   In Bank.   Feb. 16, 1966.]

THEODORE P. BEHRENDT et al., Plaintiffs and Respondents, v. AUGUST C. ABRAHAM et al., Defendants and Appellants.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Don C. Mayes for Defendants and Appellants.

Kane & Canelo and Thomas J. Kane, Jr., for Plaintiffs and Respondents.

PETERS, J.—Defendants appeal from a judgment quieting title in plaintiffs to a parcel of real property in the County of Merced.

In 1951, William Behrendt and his wife Lillian executed mutual wills pursuant to an agreement, providing that each would leave all property to the other and that the survivor would leave all property subject to testamentary disposition to the children of William by a prior marriage. William and Lillian also agreed that the wills would not be changed by either of them without the consent of the other.

William died in 1952, and Lillian succeeded to all of their property. Thereafter, she married Louie Costa, and executed a will in his favor. In 1955 the Costas acquired the property in issue by a joint tenancy deed, and in December 1956 they entered into an agreement to sell the property to defendants. Lillian died in 1957.

The agreement to sell the property to defendants provided for a purchase price of $7,500 with a downpayment of $500, installment payments of $55 per month, and the unpaid balance to bear interest at the rate of 5 percent. The contract also provided that the purchasers should pay all taxes, and that should the purchasers fail to pay installment payments or the taxes "the sellers shall be released from all obligation in law or equity to convey said property, and the buyers shall forfeit all rights thereto, and any and all payments theretofore made by the buyers under this agreement shall be considered as rent and compensation for the use and occupancy of said premises, and be retained by the sellers."

Defendants occupied the property after entering into the agreement and made the $55 payments called for by the contract, but did not pay city and county taxes. According to defendants, they learned in 1958 that Louie Costa was involved in litigation concerning the property but continued to occupy it and make the payments. In 1961 Louie demanded that they pay the accrued taxes. Defendants attempted to make arrangements to pay the taxes but then discovered that the property was not in their name, that the contract had not been recorded, and that Louie was not in a position to give them "clear title" because of a judgment against him in an action involving the property, hereafter described, which was then on appeal. When defendants sought to discuss the matter with Louie, he became "very angry" and "belligerent" and told defendants to mind "their own business."

Defendants had the contract recorded on March 28, 1961. In April 1962, they moved off of the property "to avoid any further trouble" and stopped making the $55 payments. While living on the property, they spent approximately $1,000 on improvements. At no time did plaintiffs make any demand of defendants for payments for taxes or for anything else. Louie Costa took possession after defendants vacated the property.

In 1958 the Behrendt children had brought an action against Louie Costa individually and as executor of the estate of Lillian Costa, alleging that he held title as constructive trustee for them of all properties of Lillian and of all that she died possessed. The complaint did not describe any specific property, but a lis pendens was filed describing the property in issue. Defendants herein were not parties to that action. After trial in 1959, a judgment was entered providing that Louie held as constructive trustee all property in which he had been a joint tenant with Lillian. The judgment did not describe any specific property. An appeal by Louie was subsequently dismissed, and the judgment became final on July 16, 1963.

After notice to Louie, the Behrendt children moved for an order directing the clerk to execute a deed conveying the property involved here to two of them and their attorney (plaintiffs herein). In an affidavit attached to the notice of motion, the Behrendt children stated that they wished to take title subject to the interests of defendants, if any. The motion was granted, and the order described the property involved herein and quieted the title of plaintiffs to it. Plaintiffs obtained the clerk's deed on December 2, 1963.

The only evidence as to the value of the property is that it was worth about $7,500 at the time defendants vacated it and at the time of trial.

Each of the defendants testified that they did not seek to reinstate the contract and perform it but wished to obtain the return of their payments.

The trial court in this action found that plaintiffs are the successors in interest of Louie Costa, the vendor under the executory contract of sale; that defendants entered into the contract of sale on November 5, 1956; that they made a downpayment of $500 and payments on the principal of $1,848.03 and made improvements valued at $1,000; that they occupied the property until April 1962 when they abandoned the property voluntarily; that the abandonment was

not caused by any action of the plaintiffs or their predecessors in interest; that there was no eviction by plaintiffs either constructive or actual; that defendants defaulted under the contract of sale by failing to pay taxes in the sum of $1,028.70 and by failing to make the payments under the contract after April 1962; and that the reasonable rental value of the property is the sum of $2,320.

In a written opinion the court stated that defendants are entitled to receive credit for $1,000 in improvements, the $500 downpayment, and the $1,848.03 paid upon principal, making a total of *$3,348.03*. No credit was given for the portion of the payments made which were attributable to interest. The court also held that plaintiffs were entitled to offset against those credits $1,028.70 in unpaid taxes and rental value for 64 months of $2,320, making a total of *$3,348.70* Thus the two amounts offset each other.

The court rendered judgment quieting title to the property in plaintiffs, and determining that defendants have no right, title or interest in the property.

■ Defendants urge that in this action plaintiffs failed to prove that they had title because the judgment rendered in 1959 in the constructive trust proceeding did not specifically describe any property. However, the 1963 order quieting title and directing the clerk to execute a conveyance was made after notice and has become final, and it contains a specific description of the property involved herein. Such a decree, although not conclusive as to third parties, is a muniment of title and prima facie evidence of ownership. (*Chapman* v. *Moore,* 151 Cal. 509, 515 [91 P. 324, 121 Am.St.Rep. 130]; *Scott* v. *Warden,* 111 Cal.App. 587, 593 [296 P. 95].)

■ Even assuming that the 1959 judgment is defective, we must conclude that the evidence is sufficient to support the trial court's finding that plaintiffs are the successors in interest of Louie Costa.

■ The trial court erred, however, by failing to allow defendants credit for all payments made, including those attributable to interest.

■ At the outset it should be pointed out that there was nothing in the contract between Lillian and her prior husband which would prevent her from entering into a bona fide sale of property owned by her after his death. Further there is nothing in the record to indicate that the contract of sale with defendants was not a bona fide transaction. It would seem clear, as conceded by plaintiffs, that had defendants

performed their contract they would have been entitled to a conveyance of the property from plaintiffs.

The position of plaintiffs, based on the contract to make a will, the court order, and the clerk's deed issued in enforcement of such contract, can be no better than their position would have been had Lillian performed that contract, in which case they obviously would be the successors in interest of the vendor to the contract of sale and subject to the burdens of the latter contract when they sought to terminate and quiet title.

Thus plaintiffs are in the position of a vendor seeking to quiet title against the vendee. ▇ A court may not quiet a vendor's title where he has accepted part payment of the purchase price unless he refunds the excess of the part payments over the damage caused by the vendee's breach, and this rule is applicable where the vendee has willfully defaulted. ▇ In the quiet title action the vendee may recover the amount which constitutes unjust enrichment of the vendor by reason of the termination of the contract. (*Bird* v. *Kenworthy,* 43 Cal.2d 656, 658 et seq. [277 P.2d 1]; *Freedman* v. *Rector etc. of St. Matthias Church,* 37 Cal.2d 16, 19 et seq. [230 P.2d 629, 31 A.L.R.2d 1].)

▇ In the present case, the contract does not purport to make the clause providing for retention of payments in the event of breach a liquidated damage provision, and, although labels adopted by the parties are not conclusive (*Caplan* v. *Schroeder,* 56 Cal.2d 515, 520 [15 Cal.Rptr. 145, 364 P.2d 321]), the judgment cannot be affirmed on the theory that the provision may be deemed one for liquidated damages. There is no showing as required by section 1671 of the Civil Code that it would be "impracticable or extremely difficult to fix the actual damage," and the contract does not provide that the retention of the payments should be the exclusive remedy against the defendants. (Cf. *Caplan* v. *Schroeder, supra,* 56 Cal.2d 515, 520.)

▇ Nor may the retention of payments be justified on the ground stated in the contract, namely, as payment for rent for use of the premises. Entering into an agreement is meaningless except as rights and obligations flow therefrom, and we must look to those rights and obligations to determine whether payments made on the purchase price may be treated as rent. (Cf. *Caplan* v. *Schroeder, supra,* 56 Cal.2d 515, 519.) Because of the $500 downpayment, the amount of rent charged, according to the contract, will vary greatly, when

viewed on a per-month basis, depending upon the length of occupancy by defendants. Thus if defendants breach after the first month, the rent, according to the contract, would be at the rate of $500 per month, whereas if the breach occurred after a number of years the monthly rental would be much smaller. Such factors gave rise to the rule against forfeitures (see *Freedman* v. *Rector etc. of St. Matthias Church, supra,* 37 Cal.2d 16, 20-21) and the rule may not be undermined by a provision that payments made will be treated as rent when application of the provision may result in attaching the label "rent" to payments which bear no reasonable relationship to actual rental value.

As we have seen, the court in the present case in calculating the amounts due to the parties credited plaintiffs with the reasonable rental value of the premises. This was permissible. (*Bird* v. *Kenworthy, supra,* 43 Cal.2d 656, 659-660.) By doing so, the court treated plaintiffs, in determining unjust enrichment, as if the property had not been sold but had been rented. If there had been no sale, plaintiffs would not have been entitled to any interest, and it thus appears that the court erred in refusing to credit defendants with the amount of their payments attributable to interest. This error requires a reversal.

Defendants also claim that the court erred by allowing plaintiffs a credit for the unpaid taxes. Obviously the rental value of the property is related to the issue whether the landlord or the tenant agrees to pay taxes. Accordingly if rental value as fixed by the trial court is the rental which would be obtained where the landlord paid taxes, the further allowance to the landlord of taxes in addition to rental value would be erroneous. On the other hand, if the rental value was calculated in contemplation that the tenant would pay taxes, the landlord, in calculating his damages, would be entitled to an award of the unpaid taxes in addition to the rental value. So far as appears, the record is silent as to the basis upon which rental value was fixed. Upon retrial, the court should determine the availability of a credit for the unpaid taxes in the light of the principles set forth above.

The judgment is reversed.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.