[Civ. No. 46348. Second Dist., Div. One. Sept. 17, 1975.]

LEO E. GREENE III et al., Petitioners, v.
THE MUNICIPAL COURT FOR THE INGLEWOOD JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
GEORGE RENFRO, Real Party in Interest.

## Counsel

Taylor, Kupfer & Summers and Lawrence D. Levine for Petitioners.

No appearance for Respondent.

William C. Snyder for Real Party in Interest.

## Opinion

**THOMPSON, J.**—The case at bench reaches us by writ of review directed to a proceeding of the appellate department of the superior court affirming a municipal court judgment in unlawful detainer. It raises issues of: (1) the validity of a provision in a conditional sale agreement of real property to the effect that upon default by the vendee he is deemed a tenant of the property; (2) the jurisdiction of the municipal court acting in the guise of unlawful detainer to declare cancellation of a contract involving property of a value of more than $5,000; and (3) the validity of a five-day unlawful detainer summons issued on a complaint which alleges a cause of action not in unlawful detainer. We conclude that the provision of the contract is of no legal effect, the municipal court lacked subject matter jurisdiction, and the five-day summons was invalid. Accordingly, we direct that the judgment of the municipal court be reversed.

On June 12, 1974, plaintiff filed his complaint in "unlawful detainer" in the Inglewood Municipal Court. The complaint alleges that pursuant

to a written agreement defendants are tenants of property owned by plaintiff. It claims that defendants are delinquent in installments of rent of $350 each due in the months of March, April, May, and June 1974, and asserts that defendants were served with a notice to cure the default or return possession of the property to plaintiff.

A copy of the written agreement is appended to the complaint and incorporated by reference. It consists of a conditional sale contract of real property dated December 1, 1971. Plaintiff is vendor and defendants vendees. The purchase price is $49,500, payable $2,000 as a down payment with the balance payable at the rate of $350 per month, including interest, at the rate of 8¾ percent per annum. Vendees are placed in possession as of the date of the contract and they agree to pay real property taxes.

Paragraph 11 of the agreement states: "In the event of the failure by buyer to comply with any of the terms . . . of this agreement, . . . seller shall provide buyer with ten . . . days written Notice of Default . . . . If the buyer fails to cure default within ten . . . days from the date of receipt of said Notice . . . Seller shall be relieved from all obligations . . . under this agreement, all rights of buyer under this agreement shall be terminated, all moneys theretofore paid by buyer shall belong to seller as rent and compensation for the use and occupancy of said real property, and seller shall be entitled to immediate possession thereof . . . ."

The complaint alleges that on May 10, 1974, plaintiff sent a notice to defendants. The notice says: "You are in default of your contract on your house at 1509 E. Mariposa St., El Segundo. [¶] Seller wants possession in 10 days if payments are not paid up to date."

The prayer of the complaint seeks restitution of the property; rent for the period March 1, 1974, to May 20, 1974, in the amount of $933.20; damages at the rate of $11.66 per day from May 21, 1974; unpaid property taxes of $444.10; and attorneys' fees of $175. On June 19, 1974, the complaint was served, together with a summons calling for a response within five days. Defendants not having answered, their default was entered on June 25, and a judgment by default for the amount of the prayer was entered on July 2. The judgment declares that "the lease or agreement under which the . . . property is held . . . [is] . . . forfeited."

On July 12, 1974, defendants moved to set aside the default and judgment pursuant to Code of Civil Procedure section 473. A declaration

in support of the motion and the motion itself assert excusable neglect as the ground. The motion was denied. Defendants filed a timely notice of appeal to the appellate department of the superior court from the judgment and the order refusing to set aside the default. The appellate department affirmed the judgment and order. We granted our writ of review transferring the matter to this court.

■ Failure of a complaint to state a cause of action and lack of jurisdiction of the trial court are matters that may be raised initially on appeal if apparent from the face of the record. Those defects are not waived by any failure to raise them in the trial court. (*Unruh* v. *Truck Insurance Exchange,* 7 Cal.3d 616, 622 [102 Cal.Rptr. 815, 498 P.2d 1063].) ■ We are thus required to examine plaintiff's complaint to determine whether it states a cause of action within the subject matter jurisdiction of the municipal court against a party over whom that court acquired personal jurisdiction. It does not.

The complaint fails to state a cause of action in unlawful detainer. "The statutory situations in which the remedy of unlawful detainer is available are exclusive, and the statutory procedure must be strictly followed." (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 506.) The remedy is available in only three situations: to a lessor against a lessee for unlawfully holding over or for breach of a lease; to an owner against an employee, agent, or licensee whose relationship has terminated; and to a purchaser at an execution sale, a sale by foreclosure, or a sale under a power of sale in a mortgage or deed of trust against the former owner and possessor. (Code Civ. Proc., §§ 1161 and 1161a; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 507.)

Here the complaint does not allege a situation to which the remedy of unlawful detainer applies. It does not claim that defendants were at any time employees, agents or licensees of plaintiff. It does not allege that plaintiff is the purchaser of the premises at an execution or foreclosure sale or at a private sale pursuant to a deed of trust or mortgage. Nor does the agreement which is incorporated in the complaint create the relationship of lessor and lessee. The relationship created by the agreement must be characterized by reference to the rights and obligations of the parties and not by labels. (*Behrendt* v. *Abraham,* 64 Cal.2d 182, 187 [49 Cal.Rptr. 292, 410 P.2d 828].) The rights and obligations of plaintiff and defendants are those of seller and buyer in a conditional sale of real property. ■ The provision of the agreement allowing plaintiff-seller to retain the down payment and subsequent

payments in the guise of rent in the event of default is an unenforceable attempt to specify potentially excessive damages recoverable by plaintiff-seller in the event of breach by defendants-purchasers. (*Behrendt* v. *Abraham, supra,* 64 Cal.2d 182, 187.)

■ A vendee in possession of land under a contract of sale who has defaulted in the payment of an installment of the purchase price, is not subject to removal by the summary method of unlawful detainer. (*Goetze* v. *Hanks,* 261 Cal.App.2d 615, 617 [68 Cal.Rptr. 150]; *Francis* v. *West Virginia Oil Co.,* 174 Cal. 168, 171 [162 P. 394]; Bernhardt, Cal. Real Estate Sales Transactions (Cont. Ed. Bar 1967) p. 454; Hetland, Cal. Real Estate Secured Transactions (Cont. Ed. Bar 1970) p. 108.) *Abbott* v. *Kellogg,* 18 Cal.App. 429 [123 P. 227], which plaintiff cites as standing for a contrary result, does not. *Abbott* involves an action in ejectment and not one in unlawful detainer. Since the complaint does not support an action in unlawful detainer the municipal court lacked both subject matter and personal jurisdiction.

■ Viewed for what it is rather than by its title, the complaint seeks a declaration of rescission of the contract of sale for breach by the purchasers, recovery of possession of the property, and incidental damages. The municipal court has jurisdiction of such an action only where the value of the property does not exceed $5,000. (Code Civ. Proc., § 89, subd. (a)(3).) Here the complaint does not specifically allege that the value of the property is less than $5,000. By incorporating the contract of sale it shows that the property was valued by the parties at $49,500 approximately two and one half years prior to the time the action was filed. Absent a specific allegation indicating that value of the real property had declined in the interim the complaint must be read as seeking recovery by rescission or cancellation of property of a value of more than $5,000.

■ Service of a substantially defective summons does not confer jurisdiction over a party. (Code Civ. Proc., § 412.20, Code Commissioners' Notes, Notes 1, 2, and 3.) Here the summons was fatally defective. A summons must contain a direction that the defendant file a responsive pleading within 30 days unless some specific statute modifies the time for response. (Code Civ. Proc., § 412.20.) Plaintiff purported to utilize Code of Civil Procedure section 1167, applicable to actions in unlawful detainer, to secure a summons calling for a response within five days. The section 1167 summons is inappropriate in the case at bench because the complaint, if it states a cause of action at

all, states it on a theory other than unlawful detainer. Thus, since the summons is substantially defective in illegally purporting to shorten defendants' time to plead, the court did not acquire jurisdiction over the parties served with it.

The judgment of the municipal court is reversed.

Lillie, Acting P. J., and Hanson, J., concurred.