*556 Opinion
STEPHENS, J.
—This is an appeal from the judgment of dismissal entered following the sustaining of a general demurrer without leave to amend. Demurrer was filed to a first amended complaint. The sole ground was failure to set forth a cause of action for unlawful detainer.
Facts
The amended complaint alleges that Provouskivitz and Snow entered into an “Agreement For Sale of Real Estate” on November 13, 1975. The terms and conditions of sale are:
“1. Property sold under a contract of sale. (Standard Form)
“2. Price $190,000.00 net to seller plus or minus prorations. (Buyer to pay any expenses) Plus or minus improvements deducted from rent.
“3. Title by deed shall pass when seller has obtained clear title.
“4. When the title has been cleared buyer will obtain a loan for the balance then due and owing.
“5. Buyer will pay to seller $ 15,000 upon execution of the contract and $30,000 on 1-10-76.
“6. Property is sold ‘As is’.
“7. Seller and buyer will execute a contract on 11-5-75 and provide for interest and payment here under and under the lease portions to run from 12-1-75.
“8. Buyer understands that D. Gallagher is an Attorney who has an interest in the property.
“9. Buyer understands that the title to the property cannot be transferred because of pending litigation and that the completion of this contract is conditional upon the successful outcome of the litigation. Seller will use his best, efforts to successfully complete the litigation.
“10. If this contract cannot be successfully completed because of the pending litigation buyer shall receive $1000 off the rental payment for *557 moving expenses if he is forced to move by a successful litigant upon termination of the lawsuit and shall receive back all monies paid except money paid for rent.
“11. Rent and taxes shall be prorated at the end of the successful completion of this contract.”
Contemporaneously with the execution of the sales agreement, the same parties entered into a “Building Lease” and each of said documents made reference to the other. The pertinent terms of the lease are:
“1. Rent shall be the total of: A. The taxes and Insurance payable on a monthly basis. B. Interest at 9.5% of any ‘Balance due’ in this contract of sale.
“2. Rent shall be payable first and last months [s/c] in advance. The last months [szc] rent shall be deducted from the ‘Balance due’ for the purposes of computing rent only.
“3. Buyer may take the interest portion of the rent and utilize some to improve the building per an ‘agreed to schedule’ between buyer and seller. A. Thus: Buyer will pay the amount of taxes and the interest portion may be paid by delivering paid receipts for work on the ‘agreed to schedule’ together with any balance then due. B. Any amounts deducted from the rent as exhibited by receipts shall be added to the ‘Balance due’ in computing the interest portion of the rent and shall be added to and increase the total amount of the purchase price and shall thus be returned to the seller at the end of the successful completion of this contract.
“Term Of Lease
“The length of this lease shall be for the period of time necessary to successfully complete the Agreement of Sale executed concurrently herewith or until its termination by a successful litigant involved in the Les Pendens filed on this property.”
Snow paid Provouskivitz a total of $45,000 and, in addition thereto, satisfied the lease terms until August 1, 1976, at which time there was a *558 default. Provouskivitz had a three-day notice to pay rent or quit served upon Snow. No payment was made and an unlawful detainer action was filed.
Did the amended complaint set forth a cause of action? Yes.
Since this appeal arises from the sustaining of a demurrer, we consider only the allegations of the amended complaint to ascertain whether a cause of action is stated. Nothing we say herein is a finding of fact.
The complaint alleges the relationship of landlord and tenant between the parties and that possession was assumed by virtue of the lease agreement. Snow contends in effect that possession was by way of the sales agreement, relying on Greene v. Municipal Court (1975) 51 Cal.App.3d 446 [124 Cal.Rptr. 139], The reliance is misplaced.
In Greene the conditional sales contract constituted a method of sale and possession was accomplished by virtue of that sale. Here possession was specifically limited under the two documents, attached to and made part of the pleading, to. the lease agreement. In Greene there was provision for forfeiture of down payment. Here there is no such provision, only rent due may be withheld from the down payment. (2) To hold that in any case where there exists a contract to sell there cannot also exist a valid lease agreement is patently erroneous. So long as possession is achieved through the landlord-tenant relationship, unlawful detainer may properly be utilized to regain possession. (Code Civ. Proc., §§ 1161, 1161a.) The fact, if it be a fact, that rent may be credited against a purchase price, in whole or in part, does not, in and of itself, transfer possession from a landlord-tenant relationship to one of purchaser and seller. In Greene, supra, the court recognized that “[v]iewed for what it is rather than by its title, the complaint seeks a declaration of rescission of the contract of sale for breach by the purchasers, recovery of possession of the property, and incidental damages.” (51 Cal.App.3d at p. 451.) In the instant case there is no suggestion of rescission of the contract of sale. The “Agreement for Sale of Real Estate” contemplates a possible failure to consummate transfer of title due to adverse litigation results. In such instance, the agreement provides for reimbursement from seller to buyer. We note also that the contract of sale provides: “Buyer and Seller Agree that Buyer is not entitled to any possession under the contract of sale until its [íz'c] completion. Buyers [szc] possession is by way of the lease which is executed concurrently herewith.”
*559 In light of the allegations, we cannot say, as a matter of law, that possession was not taken in accordance with a landlord-tenant relationship.
The respondents appeal from an order taxing costs. Since it is necessary to reverse the judgment of dismissal, it is unnecessary to rule upon respondents’ appeal.
The judgment is reversed.
Kaus, P. J., and Ashby, J., concurred.
The petition of the defendants and appellants for a hearing by the Supreme Court was denied December 28, 1977.