# IN THE SUPREME COURT OF CALIFORNIA

EDWARD STANCIL,
Petitioner,

v.

THE SUPERIOR COURT OF SAN MATEO COUNTY,
Respondent;

CITY OF REDWOOD CITY,
Real Party in Interest.

S253783

First Appellate District, Division Four
A156100

San Mateo County Superior Court
18UDL00903

May 3, 2021

Justice Cuéllar authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Corrigan, Liu, Kruger, Groban and Jenkins concurred.

STANCIL v. SUPERIOR COURT

S253783


Opinion of the Court by Cuéllar, J.


Because tenants and landlords have differing interests, they can disagree sharply about the nature of their relationship and sometimes engender disputes that end up in court. When that happens, certain sections of the Code of Civil Procedure — commonly known as the Unlawful Detainer Act (Code Civ. Proc., §§ 1159–1179a[1]) — govern the procedures for resolving many of the most common legal disputes between landlords and tenants. In particular, the Unlawful Detainer Act addresses a fundamental issue in the landlord-tenant relationship: a tenant's peaceful possession of real property leased from a landlord. Given society's interest in swiftly resolving the balance between a tenant's right to enjoy leased real property without disturbance and a landlord's right to ownership income, unlawful detainer actions advance quickly — and the relevant statutes impose shorter procedural timelines than the ones governing other civil actions. These proceedings are limited in scope and demand strict adherence to the statutes' procedural requirements. At the center of this dispute is the use of a motion to quash service of summons under section 418.10 to challenge an unlawful detainer complaint.

The landlord in this case is the City of Redwood City (the City), which operates Docktown Marina (Docktown). The City

---

[1] Subsequent unspecified statutory references are to the Code of Civil Procedure.

filed a complaint in unlawful detainer against a tenant of Docktown, Edward Stancil. In response, Stancil filed a motion to quash service of summons, relying on *Delta Imports, Inc. v. Municipal Court* (1983) 146 Cal.App.3d 1033, 1036 (*Delta Imports*), in which the Court of Appeal concluded that a "motion to quash service is the only method by which the defendant can test whether the complaint states a cause of action for *unlawful detainer* and, thereby supports a five-day summons." The City opposed the motion to quash, relying on a more recent case, *Borsuk v. Appellate Division of Superior Court* (2015) 242 Cal.App.4th 607 (*Borsuk*), which disagreed with this statement in *Delta Imports*. We granted review to decide whether a defendant may use a motion to quash service of summons pursuant to section 418.10 to challenge a complaint on the ground that it fails to state a cause of action for unlawful detainer.

What we conclude is that a defendant may not use a motion to quash service of summons to dispute the truth of the allegations contained in an unlawful detainer complaint. Rather, a motion to quash under section 418.10, subdivision (a)(1) is a limited procedural tool to contest personal jurisdiction over the defendant where the statutory requirements for service of process are not fulfilled. In the unlawful detainer context, a defendant may contest personal jurisdiction where the five-day summons specific to unlawful detainer actions is not supported by a complaint for unlawful detainer. Such instances are unusual, and arise only where the summons is served alongside a complaint for a completely different cause of action (e.g., breach of contract) or a complaint that fails to allege the allegations necessary to assert the defendant is guilty of unlawful detainer as specified in the relevant subdivision of

section 1161. In these rare and limited circumstances, a defendant may use a motion to quash to challenge the unlawful detainer five-day summons as improper. But no defendant may use a motion to quash service of summons as a means of disputing the merits of the unlawful detainer complaint's allegations or to argue the plaintiff failed to comply with the pleading requirements specific to unlawful detainer actions set out in section 1166.

Here, the superior court correctly found that Stancil improperly lodged his motion to quash to dispute the truth of the City's allegations concerning its legal relationship with Stancil. A defendant who disputes the veracity of an allegation in a complaint can file an answer to the complaint. (§ 430.10, subd. (b).) But because a motion to quash is not the proper procedure to litigate the merits of an unlawful detainer claim, we affirm the Court of Appeal's denial of writ relief from the superior court's order denying Stancil's motion to quash.

## I.

On September 21, 2018, the City filed a summons and complaint in unlawful detainer against Stancil. The complaint alleged that in July 2013, the City as operator and manager of Docktown, gave Stancil the right to use a berth for residential purposes. The original term of the "Live Aboard Rental Agreement" was for 12 months; after expiration of the initial term, the agreement renewed on a month-to-month basis, terminable by the City upon 60 days' notice.

In December 2016, the City Council of Redwood City adopted the "Docktown Plan," which provided relocation assistance to eligible Docktown residents through financial assistance and relocation advisory services, and also detailed

the process for terminating residential use at Docktown. Some Docktown residents accepted the relocation benefits and assistance, but others — including Stancil — remained.

The City served Stancil a 60-day notice to quit and surrender possession of the premises pursuant to sections 1946 and 1946.1. Stancil refused to surrender the premises during the 60-day period, so the City filed a complaint for unlawful detainer, requesting judgment for possession and damages for each day Stancil remained in the berth at the fair value rate of $17.19 per day.

In response, Stancil filed a motion to quash under section 418.10. Stancil argued only the port department — and not the City — had jurisdiction over Docktown and authority to sue him in unlawful detainer. Relying on *Delta Imports*, Stancil asserted that a motion to quash was the proper procedure to raise a challenge on these grounds.

In its opposition, the City argued that a motion to quash may only be used to challenge personal jurisdiction and cannot be used to attack a complaint for failure to state a claim. The City maintained that *Borsuk* expressly disapproved *Delta Imports* and controlled.

Following a hearing on the motion, the superior court denied Stancil's motion to quash and concluded his challenge to the City's complaint had to be raised on demurrer. Stancil requested an immediate stay, which the Appellate Division of the Superior Court of San Mateo County denied. Stancil then filed a petition for writ of mandate and prohibition challenging the superior court's order in the Court of Appeal, which was summarily denied. He subsequently filed a petition for review with this court, which we granted, limiting the issue for our

determination to whether a motion to quash service of summons is the proper remedy to test whether a complaint states a cause of action for unlawful detainer.

## II.

The parties in this case disagree about how an unlawful detainer defendant may use a motion to quash service of summons under section 418.10, subdivision (a)(1). Stancil argues a defendant may use a motion to quash to challenge personal jurisdiction where an unlawful detainer complaint is defective in any manner, including when an allegation in the complaint is not true. In contrast, the City contends a motion to quash is not the proper procedure to challenge whether an unlawful detainer complaint states a cause of action. We resolve this disagreement by first considering the distinctive role of motions to quash service of summons in our system of civil procedure, before turning to unlawful detainer actions.

## A.

Ordinarily, a court gains jurisdiction over the defendant from the time the defendant is served with a copy of the summons and the complaint on which it's based, as required under the Code of Civil Procedure. (§§ 410.50, 412.20; *Honda Motor Co. v. Superior Court* (1992) 10 Cal.App.4th 1043, 1048 (*Honda Motor Co.*); *Stamps v. Superior Court* (1971) 14 Cal.App.3d 108, 110.) The summons provides the defendant notice that the action described in the accompanying complaint has been filed against them in court. A valid summons must contain information such as the title of the court in which the action is pending, the names of the parties, and a direction that the defendant file a written pleading in response to the complaint within 30 days after the summons is served. (§

412.20, subd. (a).) In the distinctive context of unlawful detainer, the summons must also adhere to section 1167, which subjects defendants to a drastically abbreviated, five-day response time. (§ 1167, subd. (a).)

Animating this dispute is the possibility that a motion to quash can interfere with the speedy adjudication of an unlawful detainer claim. Using such a motion, a defendant makes a special appearance for the narrow purpose of contesting personal jurisdiction where the summons is defective. (*Greene v. Municipal Court* (1975) 51 Cal.App.3d 446, 451 (*Greene*); 2 Witkin, Cal. Procedure (5th ed. 2020) Jurisdiction, § 217.) A plaintiff who files a claim for unlawful detainer has the substantial benefit of an expedited timeframe for the defendant's response. For the defendant, a motion to quash offers a potential reprieve from this expedited procedure. Pursuant to section 418.10, filing a motion to quash extends the defendant's time to respond to the complaint. (§ 418.10, subd. (b).) And a motion to quash offers defendants procedural advantages a demurrer or an appeal of an unlawful detainer judgment cannot. Writ review is generally unavailable to challenge a trial court's decision denying a demurrer. (§§ 1086, 1103; *San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 912–913 & fn. 17.) But when a trial court denies a motion to quash service of summons, a defendant can file a petition for writ of mandate in the reviewing court, which effectively stays the action and extends the defendant's time to respond until after the reviewing court rules on the petition, thereby granting the defendant additional time to remain in their residence. (§ 418.10, subd. (c); *Butenschoen v. Flaker* (2017) 16 Cal.App.5th Supp. 10, 14.) A defendant appealing an unlawful detainer judgment is not automatically entitled to a

stay of proceedings. (§ 1176, subd. (a).) If the court grants the stay, the defendant must also pay the monthly rental value to the court as a condition of issuing the stay. (*Ibid*.) In this way, a motion to quash — and the subsequent writ review of its denial — offers an appealing alternative procedure for defendants concerned that their stay request may be denied or that they are unable to make monthly payments to the court as a condition of the stay.

What Stancil contends here is that any defect in a complaint renders the unlawful detainer five-day summons invalid. He urges this court to expand the scope of a motion to quash far beyond its typical application. But neither the statutory language nor any other indicia of section 418.10's purpose support Stancil's broad assertion.

A defendant may serve and file a motion to quash only for limited purposes. (§ 418.10, subd. (a)(1).) Nothing in the statutory language turns a motion to quash into a handy all-purpose tool for taking on the factual support for particular causes of action or the merits of a complaint, as Stancil suggests. Why exactly we should understand section 418.10's language or purpose to encompass challenges to any conceivable defect in an unlawful detainer complaint is not something Stancil persuasively explains.

We find no support for such a construction. Before the Legislature enacted the statutory provisions governing motions to quash service of summons, litigants had to specially appear and carefully limit their personal jurisdiction challenges, or risk making a general appearance. In 1955, the Legislature enacted former section 416.1 et seq., which established a statutory motion to quash service of summons and provided an automatic

extension of time for the moving party to plead pending the final determination of the motion to quash before the trial or appellate court. (Stats. 1955, ch. 1452, § 1, p. 2639; Stats. 1955, ch. 1452, § 3, p. 2640; 2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 217.) The purpose of this legislative action was to correct inadequacies in the law obstructing litigants from raising jurisdictional objections early in litigation. (*McCorkle v. City of Los Angeles* (1969) 70 Cal.2d 252, 257; Note, *Special Appearance in California* (1958) 10 Stan. L.Rev. 711, 712.)

The "obvious purpose" of former sections 416.1 to 416.3 was to permit the defendant to challenge personal jurisdiction without waiving the right to defend on the merits. (*Hartford v. Superior Court* (1956) 47 Cal.2d 447, 452.) Former sections 416.1 to 416.3 were repealed in 1969 and their essential provisions were transferred to current section 418.10. (See Stats. 1969, ch. 1610.) At no point has the statutory procedure to quash service of summons included broad authorization to employ the statute to challenge defects in the complaint as opposed to the summons. Essentially, Stancil contends that in unlawful detainer cases, defendants can use a motion to quash for purposes not authorized by section 418.10's language or purpose. We find no support for Stancil's position under the statutory provisions or doctrine governing motions to quash, so we examine whether the Unlawful Detainer Act justifies Stancil's rationale.

**B.**

The Unlawful Detainer Act governs the procedure for landlords and tenants to resolve disputes about who has the right to possess real property. (*Losornio v. Motta* (1998) 67 Cal.App.4th 110, 113; *Dr. Leevil, LLC v. Westlake Health Care*

*Center* (2018) 6 Cal.5th 474, 480.) Given the need for quick, peaceful resolutions of unlawful detainer actions, the statutory procedures must be strictly adhered to, including the stringent requirements for service, notice, and filing deadlines.[2] (*Larson v. City and County of San Francisco* (2011) 192 Cal.App.4th 1263, 1297; *Kwok v. Bergren* (1982) 130 Cal.App.3d 596, 599– 600 (*Kwok*).) As particularly relevant here, within five days of service of the complaint and summons, the defendant must respond to the complaint with an answer, motion to quash service of summons for lack of jurisdiction, motion to stay or dismiss the action for inconvenient forum, motion to dismiss, or demurrer. (§§ 1167, 1167.3, 1167.4, 418.10, 1170.)

Stancil asserts a motion to quash service of summons is the proper procedure to challenge personal jurisdiction where an unlawful detainer complaint contains any defect or its allegations are not true. Neither the purpose nor the provisions of the Unlawful Detainer Act support Stancil's broad contention. A plaintiff may file an unlawful detainer complaint under certain circumstances detailed in section 1161. (*Bawa v. Terhune* (2019) 33 Cal.App.5th Supp. 1, 5 ["A tenant is guilty of an unlawful detainer and may be properly evicted only when the landlord proves the tenant falls within at least one of the enumerated circumstances" set forth in § 1161].) Section 1161 specifies a tenant of real property is guilty of unlawful detainer

---

[2] In contrast to general civil proceedings, the normal pretrial time periods prescribed by the unlawful detainer statutes are shorter for a variety of procedures, including the time to file a responsive pleading to the complaint, respond to motions to quash and for summary judgment, conduct discovery, and set the action for trial. (§§ 1167, 1167.3, 1167.4, 1170.5, 1170.8.)

only in specific circumstances, where the tenant: fails to vacate after their termination as an employee, agent, or licensee (§ 1161, subd. 1; *Vargas v. Municipal Court* (1978) 22 Cal.3d 902, 906–907); is in default for nonpayment of rent (§ 1161, subd. 2; *Kruger v. Reyes* (2014) 232 Cal.App.4th Supp. 10, 16); breaches a material term of the lease (§ 1161, subd. 3; *Boston LLC v. Juarez* (2016) 245 Cal.App.4th 75, 80); commits waste, allows a nuisance on the premises, or uses the premises for an unlawful purpose (§ 1161, subd. 4; *Freeze v. Brinson* (1991) 3 Cal.App.4th Supp. 1, 3–4); or fails to deliver possession to the landlord after having given written notice of their intention to terminate (§ 1161, subd. 5). For a complaint to sound in unlawful detainer, it must allege the tenant is guilty of unlawful detainer under section 1161.

The Unlawful Detainer Act also sets out pleading requirements specific to unlawful detainer claims. The complaint must be verified; set forth the facts on which the plaintiff seeks to recover; describe the real property with reasonable certainty; state the amount of rent in default, if applicable; and specifically state the method of service of notice of termination. (§ 1166, subd. (a)(1)–(5).) [3]

---

[3] A lessor must provide the tenant a three-day notice to pay rent or quit, and proper service of that notice is an essential prerequisite to a judgment in the lessor's favor pursuant to section 1161, subdivision 2. (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1425.) The plaintiff may not obtain judgment for possession absent evidence the notice was properly served in compliance with the requirements of section 1162. (*Liebovich v. Shahrokhkhany* (1997) 56 Cal.App.4th 511, 513.)

No provision of the Unlawful Detainer Act expressly authorizes a defendant to use a motion to quash to challenge any defect contained in an unlawful detainer complaint, such as failure to comply with section 1166's pleading requirements. Even section 1167.4, which pertains to motions to quash service of summons, specifies only the time restrictions for a defendant to make, file, and serve the motion. This provision expressly references motions as provided for in section 418.10, subdivision (a), but does not set forth any alternative grounds on which a defendant may file a motion to quash to challenge any defect in an unlawful detainer complaint. (§ 1167.4.) We find no support in the Unlawful Detainer Act for Stancil's broad assertion that a motion to quash service of summons affords a defendant a means through which to challenge any conceivable defect on the face of an unlawful detainer complaint, let alone the veracity of the plaintiff's allegations.

## C.

The unique context of unlawful detainer does not transform a motion to quash to encompass challenges to the merits of a complaint, as Stancil suggests. Instead, the motion to quash remains a limited procedural tool appropriate where the court lacks personal jurisdiction because the statutory requirements for service of process are not fulfilled or the summons is defective. (§§ 410.50, 412.20; *Honda Motor Co.*, *supra*, 10 Cal.App.4th at p. 1048.) A defendant may not use a motion to quash service of summons under section 418.10, subdivision (a)(1) to contest any conceivable defect or the merits of the allegations contained in an unlawful detainer complaint. A defendant may instead make use of other motions: a

demurrer, motion to strike, or answer.[4] Our conclusion is grounded in a sensible reading of the relevant statutes and the case law addressing motions to quash in the unlawful detainer context.

What we also conclude is that a defendant may file a motion to quash under section 418.10, subdivision (a)(1) for lack of personal jurisdiction where the unlawful detainer five-day summons is defective because it is not supported by the accompanying complaint. Personal jurisdiction is conferred only where the statutory requirements for service of process are fulfilled, so an unlawful detainer defendant may use a motion to quash a defective summons. (See *MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, 557 [explaining that "[s]ervice of a substantially defective summons does not confer jurisdiction over a party"].) Valid service of process in an unlawful detainer case requires that the plaintiff serve on the defendant the five-day summons unique to unlawful detainer cases alongside a complaint that pleads a claim for unlawful detainer as defined in section 1161. No unlawful detainer summons — and no five-day response timeline — is possible if

---

[4] For example, a defendant who decides to waive the opportunity to contest personal jurisdiction may instead file a demurrer or answer to challenge a complaint for failure to state facts sufficient to constitute a cause of action. (§ 430.10, subd. (e).) More specifically, a defendant may object to a complaint that does not adhere to the pleading requirements of section 1166 by demurrer. (§ 430.30, subd. (a).) A defendant seeking to challenge the factual allegations contained in an unlawful detainer complaint may do so with an answer. (§ 430.30, subd. (b).) And, a defendant who does not consent to the court's jurisdiction may file a motion to quash and simultaneously answer, demur, or move to strike the complaint. (§ 418.10, subd. (e).)

it's supported by a complaint that, for example, only alleges a completely different cause of action, such as a contract or tort claim rather than an unlawful detainer claim.

The abbreviated five-day summons period obviously provides a great benefit to the unlawful detainer plaintiff. But the statute conferring that benefit also constrains. A plaintiff who does not assert an unlawful detainer action in accordance with the requirements of section 1161 may not take advantage of the accelerated summons period exclusive to unlawful detainer claims. (See *Greene, supra*, 51 Cal.App.3d 446, 451–452 [explaining the unlawful detainer five-day summons was inappropriate in that case "because the complaint, if it states a cause of action at all, states it on a theory other than unlawful detainer"].) An unlawful detainer action " 'is a statutory proceeding and is governed solely by the provisions of the statute creating it' " so a plaintiff's action to recover possession of real property is only an action for unlawful detainer where the plaintiff strictly follows the statutory requirements. (*Kwok, supra*, 130 Cal.App.3d at p. 600.) Where a complaint lacks even the allegations minimally necessary to meet the requirements for unlawful detainer claims under section 1161, the complaint cannot support the five-day summons unique to unlawful detainer actions. Because the use of the unlawful detainer five-day summons would then be unauthorized, such summons, even if properly served, would not confer personal jurisdiction. In these circumstances, the defendant may decide to use a motion to quash for lack of personal jurisdiction to challenge the unlawful detainer five-day summons as improper because it was served alongside a complaint that does not allege an unlawful detainer claim as defined in section 1161. What a defendant may not do is deploy a motion to quash to dispute the merits of

the complaint's allegations or argue the complaint fails to satisfy the requirements of section 1166.

Our conclusion also harmonizes the existing case law addressing challenges to personal jurisdiction based on defects in an unlawful detainer complaint or summons. Stancil urges us to conclude that *Delta Imports* authorizes his expansive interpretation that a motion to quash may be used to challenge any defect in an unlawful detainer complaint. We decline to adopt Stancil's position and instead conclude a defendant may choose to use a motion to quash to challenge an unlawful detainer five-day summons served alongside a complaint that does not allege an unlawful detainer claim under section 1161.

*Delta Imports* and other subsequent appellate decisions approved of defendants using motions to quash service of summons to challenge unlawful detainer complaints. (*Parsons v. Superior Court* (2007) 149 Cal.App.4th Supp. 1; *Garber v. Levit* (2006) 141 Cal.App.4th Supp. 1.) But commentators and practitioners alike have addressed the tension between *Delta Imports* and the more recent decision in *Borsuk*, which expressly disagreed with *Delta Imports*' holding that a "defendant can test whether the complaint states a cause of action for *unlawful detainer* and, thereby supports a five-day summons." (*Delta Imports, supra,* 146 Cal.App.3d at p. 1036; Weil & Brown Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group) 4:417.)

In *Delta Imports*, the defendants filed a motion to quash service of summons arguing the complaint could not support the five-day unlawful detainer summons. (*Delta Imports, supra,* 146 Cal.App.3d at p. 1035.) The Court of Appeal explained that where a plaintiff claims the defendant breached the lease, the

unlawful detainer complaint must also allege the plaintiff's compliance with the notice requirements of section 1161, subdivision 3. (*Delta Imports*, at p. 1036.) The Court of Appeal examined the face of the complaint and determined it did not contain any of the allegations regarding notice as required by section 1161, subdivision 3. (*Delta Imports*, at p. 1036.) Under the circumstances of that case, the Court of Appeal concluded the complaint was not one for unlawful detainer, and therefore could not support the five-day summons. (*Id*. at pp. 1035–1036.) The Court of Appeal remanded the case and directed the superior court to issue a peremptory writ of mandate directing the municipal court to quash service of process on the plaintiffs. (*Id*. at p. 1037.)

What the Court of Appeal reasoned in its brief opinion is that "[a] motion to quash service is the only method by which the defendant can test whether the complaint states a cause of action for *unlawful detainer* and, thereby, supports a five-day summons." (*Delta Imports, supra*, 146 Cal.App.3d at p. 1036.) Stancil erroneously reads this statement as other unlawful detainer defendants sometimes have: as authorizing a defendant to challenge a *complaint* using a motion to quash. This abridged reading erroneously focuses on testing the complaint and ignores the Court of Appeal's conclusion regarding the propriety of the five-day summons. A careful reading of *Delta Imports* reveals the Court of Appeal deemed the motion to quash appropriate because the underlying complaint did not adhere to the requirements set forth in section 1161, subdivision 3. The complaint at issue was not one for unlawful detainer and could not support issuance of the unlawful detainer five-day summons.

*Delta Imports* relied on *Greene*, *supra*, 51 Cal.App.3d 446. The Court of Appeal in *Greene* held that an unlawful detainer five-day summons did not confer personal jurisdiction when the accompanying complaint — though labeled as a complaint for unlawful detainer — in fact alleged nothing more than a claim for breach of a contract for the purchase of real property. (*Id.* at p. 449.) The *Greene* court reasoned the plaintiff improperly used the section 1167 unlawful detainer five-day summons alongside a complaint that pled something "other than unlawful detainer." (*Id.* at pp. 451–452.) The court deemed the summons "substantially defective in illegally purporting to shorten defendants' time to plead" and concluded the court did not acquire personal jurisdiction over the defendants. (*Id.* at p. 452.)

Relying on *Greene*, the *Delta Imports* court concluded that "[i]f the underlying complaint fails to state a cause of action for unlawful detainer, then use of the five-day summons is improper and the defendant is entitled to an order quashing service as a matter of law." (*Delta Imports*, *supra*, 146 Cal.App.3d at p. 1035, citing *Greene*, *supra*, 51 Cal.App.3d at pp. 451–452.) *Greene* and *Delta Imports* clarify that where a five-day summons is served with a complaint that fails to allege the defendant is guilty of unlawful detainer as defined in section 1161 or alleges a completely different cause of action, the summons is defective and may be challenged by a motion to quash under section 418.10, subdivision (a)(1).

Thirty-two years later, the Court of Appeal decided *Borsuk*. There, the defendant filed a motion to quash, asserting the court lacked jurisdiction over her because the lessor failed to properly serve her with the three-day notice to pay or quit. (*Borsuk*, *supra*, 242 Cal.App.4th at p. 610.) The court held that a defendant may not use a motion to quash to contest whether a

17

landlord properly served the requisite three-day notice to pay or quit. (*Id.* at pp. 609–610.) In reaching that conclusion, the *Borsuk* court rejected the reasoning of *Delta Imports*, explaining the case had created confusion among practitioners and finding its "broad declaration that a motion to quash is the proper way to contest whether an unlawful detainer complaint states a cause of action, and to challenge service of a notice to pay or quit, is not supportable." (*Borsuk*, at p. 612.)

What these appellate courts held is not in conflict: under *Delta Imports*, a defendant may use a motion to quash to challenge service of summons on the ground the accompanying complaint lacks even the minimal allegations required under section 1161. Under *Borsuk*, a defendant may not use a motion to quash service of summons to contest the *truth* of the complaint's allegations. The *Borsuk* court was unduly dismissive of the reasoning in *Delta Imports* and conflated the *absence* of a minimally-necessary allegation under section 1161 with the *truth* of the allegation. But because the defendant did not challenge the unlawful detainer five-day summons as defective and unsupported by the complaint, the *Borsuk* court correctly deemed her motion to quash improper.

*Delta Imports* had a more specific holding, supported by a more narrowly tailored logic, than what the appellate court in *Borsuk* understood: the defendant used a motion to quash to contest the unlawful detainer five-day summons as defective because the accompanying complaint did not allege the defendant was guilty of unlawful detainer as defined in section 1161, subdivision 3. The complaint at issue in *Delta Imports* lacked the necessary notice allegations required under section 1161, subdivision 3, so the complaint was not one for unlawful detainer. In contrast, the defendant in *Borsuk* sought to

challenge the *truth* of the plaintiff's notice allegations with a motion to quash. (*Borsuk*, *supra*, 242 Cal.App.4th at p. 610.)

Having reviewed these cases, we glean two related conclusions. First, a motion to quash service of summons under section 418.10 is as limited in unlawful detainer actions as it is in other civil actions: to challenge the service of process as improper or the summons as defective. These cases do not support Stancil's contention that if the complaint is faulty in any conceivable way, the five-day summons cannot confer personal jurisdiction. Nor do they expand the scope of a motion to quash in the unlawful detainer context. A more sensible conclusion is that proper service of process under sections 412.20 and 1167, providing a copy of the summons and complaint to the defendant, confers personal jurisdiction in an unlawful detainer case. (§ 410.50.)

These cases also support a second, equally important conclusion: that a defendant may properly use a motion to quash to challenge personal jurisdiction in an unlawful detainer case. Section 418.10 authorizes a motion to quash only where the summons is improper, or the service of process is defective. Accordingly, an unlawful detainer defendant may properly file a motion to quash to contest a summons. The accelerated five-day summons required under section 1167 is applicable *only* in unlawful detainer cases. So where the summons instructs the defendant to respond in five days but is not accompanied with a complaint for unlawful detainer, the summons is improper and may be challenged via a motion to quash. A complaint that fails to even allege the defendant is guilty of unlawful detainer, as defined in the relevant subdivision of section 1161, cannot support the five-day summons exclusive to unlawful detainer cases. In those limited circumstances, which we expect to arise

infrequently, an unlawful detainer defendant may choose to use a motion to quash to challenge the summons as improper. Our holding does not foreclose a defendant from consenting to the court's jurisdiction and responding to the five-day summons using a different procedural tool, like a demurrer or answer (§§ 430.10, 430.30). Nor does it stop a defendant from simultaneously challenging personal jurisdiction and the sufficiency of the complaint by filing a motion to quash as well as a demurrer, answer, or motion to strike (§ 418.10, subd. (e)).

**D.**

Stancil's arguments in this case underscore the need for clarity about the statutory requirements for unlawful detainer complaints. Stancil does not allege that the City's complaint cannot support the unlawful detainer five-day summons. Nor does he identify a defect with the summons or service of process. Instead, he challenges the truth of the City's allegation that it has the right to terminate his rental agreement. Stancil's challenge to the City's complaint is therefore improperly raised on a motion to quash. We conclude that a motion to quash service of summons is not the proper procedure for Stancil to challenge the merits of the allegations contained in the City's unlawful detainer complaint.

Under the relevant statutory provisions, the speedy adjudication of unlawful detainer cases for lessors is balanced by ensuring their strict adherence to the rigorous requirements for service and notice. But a motion to quash or set aside the summons pursuant to section 418.10 does not, and cannot address every issue with an unlawful detainer complaint. In the context of unlawful detainer, as in other proceedings, a motion to quash remains a procedural tool to challenge personal

jurisdiction. A defendant may use a motion to quash where the unlawful detainer five-day summons is unsupported by the accompanying complaint because it is not one for unlawful detainer.

The superior court was right when it found Stancil improperly used a motion to quash to argue the City didn't have the right to terminate his rental agreement. Unlawful detainer is a special procedure available only for a limited purpose, but so is a motion to quash. Had the trial court concluded otherwise, it would have effectively countenanced the use of a motion to quash as a means of disputing the truth of the allegations in the complaint. Instead, a motion to quash service of summons permits a defendant to challenge the court's jurisdiction where the service of process is defective, or the unlawful detainer five-day summons is accompanied by a complaint that is not one for unlawful detainer because it fails to allege the defendant is guilty of unlawful detainer pursuant to the relevant subdivision of section 1161 or alleges a different cause of action, like breach of contract. This holding does not foreclose an unlawful detainer defendant from using other procedural tools like a demurrer to challenge the sufficiency of an unlawful detainer complaint. Nothing compels a defendant to challenge personal jurisdiction using a motion to quash. And a defendant may simultaneously file a motion to quash, contesting the court's jurisdiction, and a demurrer, without making a general appearance. (§ 418.10, subd. (e).) We therefore decline to adopt Stancil's position that a motion to quash service of summons may be used to dispute the truth of the allegations in an unlawful detainer complaint.

## III.

Motions to quash service of summons provide defendants with an important tool to quickly challenge personal jurisdiction without waiving the right to defend on the merits or risking entry of default. The unlawful detainer statutes reflect the importance of resolving landlord-tenant disputes quickly. Rather than expanding the limited scope of motions to quash in the unlawful detainer context, the purpose and rationale of these statutes reinforces the need for such limitations. We therefore conclude that a motion to quash service of summons can't be used to challenge any conceivable defect or the truth of the allegations contained in an unlawful detainer complaint. A motion to quash service of summons permits a defendant to challenge personal jurisdiction where the summons is improper or the statutory requirements for service of process are not fulfilled. In the context of unlawful detainer, a defendant may properly file a motion to quash to challenge an unlawful detainer five-day summons accompanied by a complaint that fails to include even the minimal allegations necessary to justify an unlawful detainer action as defined in section 1161. Defendants still have at their disposal a variety of other procedural tools, such as a demurrer, a motion to strike, an answer, a motion for judgment on the pleadings, or a motion for summary judgment. A defendant is free to use those procedural tools instead of a motion to quash to challenge the complaint as inadequate or contest the truth of the complaint's allegations.

We affirm the Court of Appeal's denial of writ relief from the superior court's order. We conclude the superior court was correct in its determination that Stancil's motion to quash was not the proper procedure to argue the City is not a proper plaintiff. We deny Stancil's writ and request for relief, and we

discharge the order to show cause.  The case is remanded to the First District Court of Appeal with directions to remand to the superior court for further proceedings.

**CUÉLLAR, J.**

**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**
**GROBAN, J.**
**JENKINS, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  Stancil v. Superior Court

---

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding** XX
**Review Granted (published)**
**Review Granted (unpublished)**
**Rehearing Granted**

---

**Opinion No.** S253783
**Date Filed:** May 3, 2021

---

**Court:**  Superior
**County:**  San Mateo
**Judge:**  Susan L. Greenberg

---

**Counsel:**

Thorsnes Bartolotta McGuire, Vincent J. Bartolotta, Jr., Karen R. Frostrom, Neal A. Markowitz, David E. Kleinfeld; Madden Law Office and Alison Madden for Petitioner.

Matthew Warren, Madeline Howard, Crystal Sims and Richard A. Rothschild for Western Center on Law & Poverty as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Burke, Williams & Sorensen, Michelle Marchetta Kenyon, Kevin D. Siegal, Randall G. Block and Maxwell Blum for Real Party in Interest.

Heidi Palutke; Dowling & Marquez and Curtis F. Dowling for California Apartment Association as Amicus Curiae on behalf of Real Party in Interest.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Karen Frostrom
Thorsnes Bartolotta McGuire
2550 Fifth Ave., #1100
San Diego, CA 92103
(619) 236-9363

Madeline Howard
Western Center on Law & Poverty
3701 Wilshire Blvd., #208
Los Angeles, CA 90010
(213) 235-2628

Kevin D. Siegel
Burke, Williams & Sorensen, LLP
1901 Harrison St., Ste. 900
Oakland, CA 94612-3501
(510) 273-8806

Curtis F. Dowling
Dowling & Marquez, LLP
625 Market St., 4th Floor
San Francisco, CA 94105
(415) 977-0444